Bent, Appellant, vs. Barnes, Assignee, Respondent.

90 631<br>103 569

*September 4 — September 26, 1895.*

*Equity: Trust fund: Voluntary assignment: Remedy at law: Waiver of objection: Inconsistent remedies: Replevin.*

1. A contract for the sale of standing timber provided that the title thereto and to the lumber made therefrom should remain in the vendor until payment of the purchase price. The vendees mingled the logs when cut with other logs of the same quality owned by them, and made them all into lumber. The vendor replevied from the common mass of such lumber a quantity less than his logs contributed thereto, and worth less than the amount due him on the contract. Afterwards the remainder of the lumber made from his logs, being a certain quantity, though so mixed with the other lumber that it could not be identified, was sold by the vendees' assignee for the benefit of creditors. *Held*, that the assignee must account to the vendor for the proceeds of such sale of his lumber to the amount of his interest in it, such proceeds being substantially a trust fund traced into the hands of the assignee.

2. In an action in equity against the assignee to recover such fund, where the complaint was answered on the merits and the action was tried without objection to its form, it cannot, on appeal, be objected that there was a remedy at law or that the plaintiff should have filed a petition in the assignment proceedings.

3. The fact that the plaintiff had obtained partial relief in the replevin action did not preclude him from afterwards suing to recover from the assignee the balance due on the contract, out of the proceeds of the sale of the lumber not replevied.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This is an action in equity tried upon the same evidence as that submitted in the replevin action of *Bent v. Hoxie, ante,* p. 625, and involved the same logging contract. The action was brought to recover from the assignee the balance due on said logging contract after deducting the value of the lumber replevied in the replevin action. That balance on the 6th of September, 1890, was the difference between $10,336, the amount then due on the contract, and $9,336.85, the value of the lumber replevied, amounting to $999.15. The circuit judge found substantially the same facts as in the replevin action, and in addition thereto found, in effect, that the defendant as assignee received property of Hoxie & Mellor of the value of about $100,000, and that among the property so received was a quantity of lumber of which 330,000 feet, of the value of $1,650, was made from plaintiff's logs, but it was so intermixed with the other lumber of the same quality and value that it could not be identified. It is expressly found that this amount of 330,000 feet remained in the hands of the assignee after deducting the amount seized in the replevin action. The circuit court dismissed the complaint, and the plaintiff appealed.

*F. W. Houghton,* attorney, and *C. D. Cleveland,* of counsel, for the appellant.

For the respondent there was a brief by *Charles Barber,* of counsel, and a supplemental brief by *Charles Barber* and *A. E. Thompson,* and oral argument by *Mr. C. W. Felker, Mr. Barber,* and *Mr. Thompson.* They contended, *inter alia,* that the plaintiff could not sever her cause of action, nor have two remedies. Having elected to claim title to the logs and lumber and replevied the same, she could not take a part and afterwards file a bill in equity to enforce payment of the balance. See *Borngesser v. Harrison,* 12 Wis. 544; *Kaehler v. Dobberpuhl,* 60 id. 256; *Warren v. Landry,*

74 id. 144; *Baird v. U. S.* 96 U. S. 430; *Hennequin v. Barney,* 24 Fed. Rep. 580; *Bowe v. Minn. M. Co.* 44 Minn. 460; *Fish v. Folley,* 6 Hill, 54; *Clark v. Wheeling S. Works,* 3 C. C. A. 600, 3 U. S. App. 358; 1 Suth. Dam. (1st ed.), 175. This action is clearly an equitable one. Relief, if plaintiff be entitled to any, could be obtained on motion or petition in the proceeding under the assignment. *Burnham v. Barth,* 89 Wis. 362. Therefore this action could not be maintained. See *Marathon Co. v. Barnes,* 86 Wis. 663; *Stein v. Benedict,* 83 id. 610, and cases cited.

WINSLOW, J. The character of the logging contract and its validity have been determined in the companion case of *Bent v. Hoxie, ante,* p. 625. The plaintiff retained title to the lumber manufactured from her logs until the contract price was paid. The facts are very simple. At the time of the assignment there was in the yard 330,000 feet of lumber, valued at $1,650, and the title to this lumber remained in the plaintiff until the balance due her on the contract, viz., $999.15, was paid. The assignee took this lumber and sold it. Upon well established principles the assignee must account to the plaintiff for the value of the plaintiff's property so taken and sold, to the amount of the plaintiff's interest in it. The property was that of the plaintiff. She has traced it specifically into a mass property of the same quality in the hands of the assignee. She was entitled to replevy it from the common mass. *Bent v. Hoxie, supra.* Not having done so she can still, after its conversion by the assignee, claim the money which it brought. It is substantially a trust fund in the hands of the assignee, and it has been successfully traced. The principles frequently stated in the cases decided by this court beginning with *Nonotuck Silk Co. v. Flanders,* 87 Wis. 237, apply and plainly demonstrate the plaintiff's right of recovery.

The complaint was answered on the merits and the action

Bent vs. Barnes.

tried without objection as to its form. It cannot now be urged that there was a remedy at law or that the plaintiff should have filed a petition in the assignment proceedings.

It is said that the plaintiff, having brought a replevin action and obtained partial relief, cannot maintain this action, because the remedies are inconsistent. We perceive no inconsistency. Both actions are founded on the same basis, namely, the ownership of the lumber by the plaintiff. There is no inconsistency between any of the claims made in the replevin action and the claims made in this action. The defendant is in no way prejudiced by the failure of the plaintiff to obtain full relief in the replevin action and by her resort to this action for the balance. In a word, there is no inconsistency between the remedy sought in this action and the remedy in the replevin action. We are not informed why the officer did not seize all the lumber to which plaintiff was entitled in the replevin action, but it is certain that he did not and that there was still left in the hands of Hoxie & Mellor, and subsequently in the hands of the assignee, $999.15 worth of lumber for which she obtained no judgment in the replevin action. In claiming that sum in this action she takes exactly the same position that she would occupy in the replevin action, namely, that she owned the lumber under the contract until the contract price was paid.

*By the Court.*— Judgment reversed, and action remanded with direction to render judgment for the plaintiff in accordance with this opinion.