IN RE NORTHWAY WHOLESALE, INC.: WISCONSIN VALLEY TRUST COMPANY, Trustee, Appellant, v. JOHNSON, Receiver, Respondent.

*March 7—April 4, 1961.*

For the appellant there was a brief by *Smith, Puchner, Tinkham & Smith* and *Eberlein & Eberlein,* all of Wausau, and oral argument by *Richard P. Tinkham* and *Arthur L. Eberlein.*

For the respondent there was a brief and oral argument by *Robert L. Bittner* of Green Bay.

For the Crest Finance Company there was a brief by *Allan Polacheck* of Milwaukee, and *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Arthur J. Kaftan.*

MARTIN, C. J. United Wholesalers was adjudicated bankrupt in the United States district court for the Western district of Wisconsin on April 24, 1958. Prior thereto it had been in the business of operating a catalog-order business for numerous types of merchandise in the Wausau,

Wisconsin, area. In order to finance its operations it placed most of its merchandise in a so-called "field warehouse" and issued warehouse receipts to Crest Finance Company of Chicago, which provided most of United's working capital.

On April 16, 1958, Northway purchased all of the warehouse receipts from Crest and obtained a bill of sale from Crest covering those receipts and all of the merchandise represented by them. Crest warranted full title in executing the bill of sale.

On April 28, 1958, the district court entered an order restraining Northway from moving, selling, or disposing of any of the merchandise covered by the warehouse receipts. Northway filed a reclamation petition in the district court asking that the restraining order be vacated and an order be entered declaring that the estate of United had no interest in the property purchased by Northway from Crest. Pending the determination of title to the merchandise, the district court permitted Northway to sell the merchandise (it being seasonal in character) on condition that it file a personal surety bond in the sum of $50,000 and that the proceeds of the sale in excess of $50,000 be deposited by Northway with the trustee of United.

On Northway's failure to keep an accounting of the sales and to deposit any of the proceeds thereof with the trustee, it was restrained by order of December 11, 1958, from making further sales. On January 8, 1959, it was again permitted to make sales upon condition that all the proceeds be deposited with the trustee every other day and a full accounting be made. On January 21, 1959, a receiver was appointed for Northway in the instant proceeding and on October 20, 1959, the receiver obtained an order authorizing him to sell the assets of Northway, including the goods of United, on the express condition that United's goods and the proceeds therefrom be segregated. No attempt was made to

segregate the merchandise of United from that of Northway or to account for the proceeds of the sales. The only sum deposited with the trustee by Northway was $1,773.32 in January of 1959. It is undisputed that sales of United Merchandise by Northway have exceeded a total of $65,000.

Northway's petition for reclamation came on for hearing on May 29, 1958, and the district court on June 4, 1959, entered judgment for the trustee of United against Northway in the sum of $66,774.79. On appeal by Cletus J. Johnson, receiver for Northway, said judgment was affirmed. *In re United Wholesalers, Inc.* (7th Cir. 1960), 274 Fed. (2d) 316. A certified copy of the judgment constitutes the trustee's claim in the present proceeding.

The issue involved in the reclamation proceeding was the validity of the warehouse receipts issued by United to Crest and subsequently acquired by Northway. The district court found such receipts were not issued in compliance with the Wisconsin statutes and that Crest had acquired no valid right or title to the merchandise purportedly covered thereby. It was held that said warehouse receipts were issued within one year prior to the filing of the petition in bankruptcy and were given with the intent to hinder, delay, or defraud creditors, in violation of the Bankruptcy Act. The trustee was given judgment for the value of the goods and merchandise, $102,243.69, less $39,000 which was paid by Northway to Crest, or a net judgment of $63,243.69, plus interest. No part of that judgment has been paid except the trustee holds in escrow the $1,773.32 from the proceeds of sales made by Northway in January of 1959.

As to the first order appealed from, the trial court held that the trustee's judgment was a money judgment and that the court could not go behind the judgment or consider the findings upon which it was based, relying on *Thoenig v. Adams* (1940), 236 Wis. 319, 322, 294 N. W. 826. It held

that the trustee had made an election of remedies and is entitled to a money judgment only, its claim having no priority status.

The district court judgment expressly states that it is "upon the foregoing Findings of Fact and Conclusions of Law" physically attached to it and incorporated by reference. The trial court did not consider the nature of the reclamation proceeding, the fact that it was brought by Northway to determine the issue of title to the goods, and the facts of wrongful conversion upon which the judgment was based.

There was no election of remedies by the trustee for United. The reclamation proceeding was initiated by Northway, asking that title to the goods be declared to be in it. Following a conference between the judge and the interested parties in the district court on the request of Northway for permission to sell the goods, since they were seasonal in nature, Northway was permitted to do so on the conditions previously noted. The surety bond was filed, but Northway failed to comply with the other conditions imposed by the district court for accounting and deposit of the proceeds. It commingled the goods with its own, made no accounting; the only sum deposited with the trustee by Northway was $1,773.32 in January of 1959, although it is undisputed that the proceeds of the United merchandise exceeded $65,000. The trustee had requested that the sale of the goods by Northway was to be on the express condition that the proceeds of United goods be segregated. There was no waiver of the tort by the trustee and election to sue for the value of the property converted on implied contract; the judgment it obtained was based on the unlawful conversion by Northway.

A money judgment was entered only because the wrongful conversion, sale of goods, and commingling made any

other judgment impossible. Northway cannot be permitted to defeat the priority of the trustee's claim by its own wrongful acts.

The *Thoenig Case* is not in point. It holds that an appeal cannot be taken from mere preliminary recitals in the judgment or from a special verdict, findings, or conclusions; that it must be taken from the judgment itself.

The findings upon which the district court judgment was based clearly show that Northway and its receiver converted goods to their own use through sale and commingling to which they had no title. Hence, the proceeds of the sale are held by the receiver as constructive trustee to satisfy the judgment of the trustee for United. By reason of the failure to properly account or segregate and by the commingling of the funds and merchandise, the lien of such judgment attaches to all the funds and assets of Northway with which they were commingled. In *Bent v. Barnes* (1895), 90 Wis. 631, 633, 64 N. W. 428, the plaintiff sold timber to the defendant's assignor. In the contract of sale, title to the timber was retained by the plaintiff until the payment of the full price was made. Defendant's assignor thereupon commingled this timber with other logs he owned and made them all into lumber. The lumber was so intermixed with other lumber that it could not be identified. The plaintiff replevied a portion but not all of his lumber. Thereupon the vendee assigned his property to the defendant for the benefit of creditors; the defendant then sold the lumber and the plaintiff brought an action to recover the remainder owing to him from the proceeds of the sale. The plaintiff prevailed, the court holding that the proceeds were "substantially a trust fund in the hands of the assignee." The plaintiff's lien ran to the proceeds from the sale of all the lumber, not just the portion from his lumber. See also *Murphy v. National Paving Co.* (1938), 229 Wis. 100, 110, 281 N. W. 705, where it was said:

"On receiving the deposit the bank held the commingled fund as a trustee and held it subject to the rule, now well established, that when a trustee commingles trust funds with his individual funds the whole commingled fund is subjected to an equitable lien in favor of the beneficiary. 65 C. J. S. 972; Restatement, Trusts, pp. 540, 542, sec. 202, comments *h* and *i*. This equitable lien can be enforced against any part of the commingled fund which can be traced into the hands of the trustee."

The order holding that the trustee's claim is not entitled to a priority against the present assets of the receivership must be reversed.

The second order appealed from is the denial of the trustee's motion to stay proceedings pending a determination of an action by the receiver of Northway against Crest in the United States district court for the Eastern district of Wisconsin. In that action the receiver asks for judgment against Crest because of the breach of its warranties of title to the merchandise in the amount of the trustee's judgment against Northway, plus $39,000 paid by Northway to Crest. The trustee has filed a motion to intervene in said action, taking the position in its proposed complaint that any recovery by the receiver in its action against Crest, to the extent of the trustee's judgment against the receiver, belongs to the trustee on the ground that the receiver is in effect a subrogee of the trustee and the trustee is the real party in interest to the extent of its judgment. That motion has not been heard.

The second order appealed from is affirmed.

*By the Court.*—The order holding that the trustee's judgment is a general claim against the assets of Northway is reversed; the order denying the trustee's motion to stay determination of the issue of priority is affirmed.