STATE EX REL. LA FOLLETTE and others, Appellants, vs. KOHLER, Respondent.

*October 14—October 31, 1930.*

· *Harold M. Wilkie* of Madison and *Walter D. Corrigan, Sr.* of Milwaukee, for the appellants.

*Olin & Butler,* attorneys, and *H. H. Thomas* of counsel, all of Madison, for the respondent.

PER CURIAM. Counsel for the relators have made a motion for the advancement of this cause upon the calendar so that it might be set down for argument at the December, 1930, assignment. Upon the argument of the motion it was suggested that a decision of this case after January 5, 1931, would be a decision upon purely moot questions. Counsel

for both parties requested the court to determine at this time whether a decision after January 5, 1931, would become moot in order that the arduous and unnecessary labor incident to the preparation and presentation of the case might be saved. It is apparent upon a consideration of the record that this case cannot be determined and a final judgment entered until after the term of office of the defendant has expired by limitation of law even if the motion were granted. It is held that under such circumstances the case becomes moot. Ordinarily courts act only to determine actual existing controversies and not merely to announce abstract principles of law.

While some courts have held that jurisdiction of a case may be retained for the purpose of deciding questions of law in which the state has an interest after a decision upon the merits has become moot, no such question is presented here.

In the opinion in this case when it was here upon demurrer, this court said (200 Wis. 518, at p. 563, 228 N. W. 895):

"In the act, particularly that part relating to the amount which may be spent and the filing of accounts, the phrase 'by and on his behalf' is used. There is no difficulty in understanding what is meant by the term *by;* the phrase 'on his behalf,' when it refers to a candidate, means by some one who acts for him in the sense that an agent acts for and on behalf of his principal. The authority may be express or implied but it must exist; otherwise the disbursement is not made on behalf of the person sought to be charged."

Whether or not an agent has authority to act for and on behalf of his principal involves merely the application of general principles of law which have been stated and illustrated in hundreds of cases in this and other courts. The questions raised in this case relate almost entirely to the application of these principles. No statement of the law can be made which is so clear and definite, so inclusive and ex-

clusive, that persons viewing the matter from different standpoints and having conflicting interests will agree upon the application of the law to a particular state of facts. A determination of the questions here would simply add another illustration to the many already existing. While in a popular sense the issues in this case are matters of great public importance, in the sense that the public is keenly interested, they are not questions *publici juris* in the sense in which that term is used in the law. *Income Tax Cases,* 148 Wis. 456, 485, 134 N. W. 673, 135 N. W. 164. When the case was here upon demurrer the questions presented were *publici juris.* These questions were carefully considered, analyzed, and fully answered.

The conclusion which we have reached makes it unnecessary for us to determine whether or not in a case such as this where there is a judgment dismissing the complaint without costs the court would have jurisdiction to retain the case solely for the purpose of deciding questions which were strictly *publici juris.* The situation here is that while the decision would be of interest and perhaps be to some extent a guide in the application of a general principle of law to a particular situation, the same conflict of opinion would arise when an attempt was made to apply the same principles to another and slightly different state of facts. Counsel for relators contend that if under the circumstances the case is moot, the judgment should be reversed. A reversal of the judgment would require a consideration of the merits of the case which we hold has become moot, therefore not subject to consideration upon the merits. For this reason a reversal cannot be ordered. It becomes apparent that further consideration of the case is futile and a dismissal of the appeal inevitable. The court will entertain a motion to that effect.

Motion to advance is denied.

On November 11, 1930, upon motion of the respondent, the appeal was dismissed without costs.