THOENIG and others, Respondents, vs. CITY OF ADAMS and others, Appellants.

*November 8—December 3, 1940.*

*Orland S. Loomis* of Mauston, for the appellants.

*Schubring, Ryan, Petersen & Sutherland* of Madison, for the respondents.

ROSENBERRY, C. J.   Sec. 274.11 (1), Stats., provides:

"An appeal is taken by serving notice of appeal, signed by the appellant or his attorney, on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered, *stating whether the appeal is from the whole*

*or some part thereof, and if from a part only, specifying the part appealed from."*

An inspection of the judgment shows that the appellants have attempted to appeal not from a judgment but from a recital contained in the judgment. If, as a matter of fact, the recital was erroneously made for the reason that the case is not moot, then the judgment is erroneous and should be reversed. What is attempted here is to leave the judgment itself stand and have the recital either stricken out or corrected. The verdict of a jury in case of a jury trial, the findings of the court in case of trial by the court, even though they be incorporated in the same instrument, are not a part of the judgment. This rule applies to findings of fact and also to conclusions of law. *Pier v. Prouty* (1886), 67 Wis. 218, 223, 30 N. W. 232; *Judge v. Powers* (1912), 156 Iowa, 251, 136 N. W. 315. See 30 Am. Jur. p. 823, § 7, and cases cited.

Appellants seem to be under the impression that in some way their rights in the matter now pending in the circuit court in the action to review the decision of the public service commission are affected by this judgment. We think this arises from the misconception as to the character of a judgment dismissing a case because it is moot. A moot case is one in which it is sought to get a judgment on a pretended controversy when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. *Ex Parte Steele* (D. C. 1908), 162 Fed. 694.

This case is of the third class. The court dismissed the case for the reason that it was of the opinion that no adjudication it could make could have any particular legal effect because the time within which payment was to be made had expired. The court thereupon declined to proceed further

with the case, and dismissed it for the reason that any judgment it could render would be ineffectual. This is not an adjudication of the rights of the parties. It is a refusal to adjudicate the rights·of the parties because in the opinion of the court the adjudication would be futile. If the court was in error, and the action should not have been dismissed for that reason, the appeal ·should have been from the judgment. The statute does not authorize appeals from recitals, findings, conclusions of law, or directions or orders for judgment.

*By the Court.*——The motion to dismiss the appeal is granted with $10 costs.