STATE, Respondent, vs. ZISCH, Appellant.

*April 16—May 18, 1943.*

For the appellant there was a brief by *G. E. Vandercook* and *Wiener & Wiener,* attorneys, and *Louis S. Wiener* of counsel, all of Milwaukee, and oral argument by *Mr. Louis S. Wiener* and *Mr. Vandercook.*

For the respondent there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *George A. Bowman,* deputy district attorney, and oral argument by *Mr. Bowman.*

FOWLER, J. Peter J. Zisch, who will hereinafter be referred to as the "defendant," on December 13, 1911, pleaded guilty in the municipal court of Milwaukee county to an information, and on his plea of guilty was sentenced to a term of four years in the state reformatory at Green Bay, three of which he served. On April 22, 1942, he duly moved the court to vacate the judgment and sentence. The ground laid for vacating the judgment was that it is void because the court was without jurisdiction because the information did not state any offense. The court denied the motion on two grounds: (1) That the court had no jurisdiction to set aside the judgment a year after its rendition; and (2) that the court had jurisdiction of the offense of perjury, which was the subject matter of the action, and of the person of the defendant, wherefore the rendition of the judgment and imposition of the sentence was only error, and the court had jurisdiction to err as well as to decide correctly. The defendant appealed from the order denying his motion.

The information was conceived as charging perjury. It alleged that in an application to the governor under sec. 174, R. S. 1898, for appointment as a notary public the defendant "was required and did" "wilfully, corruptly and feloniously" falsely swear before a notary public that he was "a qualified elector in the county of Milwaukee" whereas he was at the time of so swearing only nineteen years of age. The statute cited did not "require" that an applicant for a notary commis-

sion should make oath that he was a qualified elector, but only prescribed that the governor should appoint in each county "one or more qualified electors who shall be residents and qualified electors, or females over twenty-one years of age or upwards, of the county for which they are appointed." The courts must take judicial notice of the statutes of the state. Thus the court was bound to take judicial notice that in applying for appointment as a notary public an applicant was not "required" to take or present to the governor an oath that he was an elector. The perjury statute, sec. 4471, R. S. 1898, provided that "any person, being lawfully required to depose the truth, on his oath, . . . legally administered, who shall wilfully and corruptly swear . . . falsely to any material matter or thing in any cause or proceeding before any court or tribunal . . . or . . . before any officer authorized to administer oaths, . . . shall be deemed guilty of the crime of perjury." The defendant was not "lawfully required to depose . . . on his oath" that he was an elector in order to be appointed a notary. Thus it appears on the face of the information that the defendant had not committed the crime of perjury by doing the act charged in the information.

Assuming that the judgment was void as contended by the defendant because it appeared on the face of the information that the act charged did not constitute an offense under any statute or under the common law and that both grounds upon which the municipal court based its order were incorrect, we consider that the appeal should be dismissed because the case is moot. A case is moot when a determination is sought "upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *Thoenig v. Adams,* 236 Wis. 319, 322, 294 N. W. 826. See *St. Pierre v. United States,* 319 U. S. 41, 63 Sup. Ct. 910, 87 L. Ed. 000, decided May 3, 1943; *State ex rel. La Follette v. Kohler,* 202 Wis. 352, 232 N. W. 842.

The petition on which the defendant grounded his motion does not show that any existing legal right of the defendant is affected by the presence of record of his conviction or by the continuance of record of that conviction.

*By the Court.*—The appeal is dismissed without costs to the state, but appellant will pay clerk's fees.