Wisconsin Employment Relations Board, Appellant, vs. Allis-Chalmers Workers' Union, Local 248, U. A. W. A., C. I. O., and others, Respondents.

*February 18—April 10, 1948.*

438

For the appellant there was a brief by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the respondents there was a brief by *Max Raskin,* attorney, and *William F. Quick* of counsel, both of Milwaukee, and oral argument by *Mr. Quick.*

FAIRCHILD, J. The judgment appealed from dismisses the petition of the Wisconsin Employment Relations Board for the enforcement of its order entered December 26, 1946. From the record it appears that when the record made before the Wisconsin Employment Relations Board was brought on for hearing, a motion was made by the respondents to dismiss the matter on the ground that the action was moot. Thereupon the court proceeded to take testimony with respect to the motion. Upon the basis of that testimony the court entered its judgment of dismissal.

Sec. 111.07 (7), Stats. 1945, provides:

". . . Upon such hearing the court may confirm, modify, or set aside the order of the board and enter an appropriate

decree. No objection that has not been urged before the board shall be considered by the court unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. The findings of fact made by the board, if supported by credible and competent evidence in the record, shall be conclusive. The court may, in its discretion, grant leave to adduce additional evidence where such evidence appears to be material and reasonable cause is shown for failure to have adduced such evidence in the hearing before the board. The board may modify its findings as to facts, or make new findings by reason of such additional evidence, and it shall file such modified or new findings with the same effect as its original findings and shall file its recommendations, if any, for the modification or setting aside of its original order. . . ."

The record discloses that the facts upon which the court held that the proceeding before it was moot arose after the board had made its order and petitioned the court for its enforcement. In proceeding to take further evidence the court acted in excess of and beyond its jurisdiction. If the court was of the view that either of the parties was entitled to present further evidence it should, in accordance with the language of the statute, have remanded the case to the board for further proceedings. The statute does not authorize the taking of additional evidence by the court. If additional evidence is to be adduced it must be adduced before the board, and the court was in error in proceeding as it did. *Century Building Co. v. Wisconsin E. R. Board* (1940), 235 Wis. 376, 381, 291 N. W. 305.

The court was also in error in holding that the action to enforce the order of the board was moot. A moot case has been defined as one which seeks to determine an abstract question which does not rest upon existing facts or rights, or which seeks a judgment in a pretended controversy when in reality there is none, or one which seeks a decision in advance about a right before it has actually been asserted or contested, or a judgment upon some matter which when rendered for any cause cannot have any practical legal effect upon the existing

controversy. *In re Matter of Creager,* 323 Ill. App. 594, 56 N. E. (2d) 649, 652, 653 ; 1 C. J., Actions, p. 973, sec. 68. See *State ex rel. La Follette v. Kohler* (1930), 202 Wis. 352, 232 N. W. 842.

Although it is a general rule that an appeal will be dismissed if the right in controversy has expired by lapse of the time fixed for its continuance, it is otherwise if interests of a public character are asserted under conditions that may be immediately repeated, as here. 4 C. J. S., Appeal and Error, p. 1951, sec. 1354 c ; 3 Am. Jur., Appeal and Error, p. 310, sec. 733.

Similar cases which have arisen in federal courts regarding the orders of federal administrative agencies provide authority for our holding that the board's petition for enforcement in this case should not have been dismissed as moot. In *Southern Pac. Terminal Co. v. Interstate Commerce Comm.* (1911) 219 U. S. 498, 515, 31 Sup. Ct. 279, 55 L. Ed. 310, the interstate commerce commission had ordered a carrier to desist from granting a shipper an alleged undue preference for a period of not less than two years. At the time of the appeal the order of the commission had expired. The United States supreme court denied the motion to dismiss the appeal as moot, saying,

"The questions involved in the orders of the interstate commerce commission are usually continuing . . . and their consideration ought not to be, as they might be, defeated by short term orders, capable of repetition, yet evading review, and at one time the government and at another time the carriers have their rights determined by the commission without a chance of redress."

The opinion goes on to quote an earlier case, *United States v. Trans-Missouri Freight Asso.* 166 U. S. 290, 309, 17 Sup. Ct. 540, 41 L. Ed. 1007, to this effect :

"Private parties may settle their controversies at any time, and rights which a plaintiff may have had at the time of the commencement of the action may terminate before judgment is obtained or while the case is on appeal, and in any such case

the court, being informed of the facts, will proceed no further in the action. Here, however, there has been no extinguishment of the rights (whatever they are) of the public, the enforcement of which the government' has endeavored to procure by a judgment of a court under the provisions of the act of congress above recited. The defendants cannot foreclose those rights, nor prevent the assertion thereof by the government as a substantial trustee for the public under the act of congress, by any such action as has been taken in this case."

In *National Labor Relations Board v. Pennsylvania Greyhound Lines* (1938), 303 U. S. 261, 271, 58 Sup. Ct. 571, 82 L. Ed. 831, 115 A. L. R. 307, the National Labor Relations Board had ordered an employer to cease domination of an employees' organization, to withdraw recognition of such organization as the representative of the employees, and to post notices informing them of such withdrawal. It was contended the case had become moot because the board had certified another organization as representative of the employees for collective bargaining, but the court said,

"But an order of the character made by the board, lawful when made, does not become moot because it is obeyed or because changing circumstances indicate that the need for it may be less than when made."

That language of the *Pennsylvania Greyhound Case* has been applied in *National Labor Relations Board v. Westinghouse Air B. Co.* (3d Cir. 1941) 120 Fed. (2d) 1004, and in *National Labor Relations Board v. Bachelder* (7th Cir. 1942), 125 Fed. (2d) 387. A similar holding was made in *J. I. Case Co. v. National Labor Relations Board* (1944), 321 U. S. 332, 64 Sup. Ct. 576, 88 L. Ed. 762.

The people through their representatives in the legislature have expressed in the Employment Peace Act, secs. 111.01 to 111.19, Stats. 1945, the policy of the state to recognize and protect the rights of the public, employees, and employers and to promote the interests of each with due regard to the situation and rights of the others. That act and the Wisconsin

Employment Relations Board, for which it provides, are created "to establish standards of fair conduct in employment relations and to provide a convenient, expeditious, and impartial tribunal by which these interests may have their respective rights and obligations adjudicated." Sec. 111.01 (4). When the statutes (sec. 111.07 (4) ) say the board may order affirmative action to be taken and reports to be made, and when the board accordingly does make such an order, its order is to be obeyed. To dismiss enforcement proceedings, provided for by sec. 111.07 (7), on the grounds that the cessation of the activities which gave rise to the order make it moot would invite circumvention of the established policy of the state. Rather than comply with the.entirety of an order of the board, a union or an employer would know that he could wait until enforcement proceedings were begun, then desist from the unfair labor practice in question and move to dismiss the proceedings as moot, thereby evading the authority of the board. That would not be substituting "processes of justice for the more primitive methods of trial by combat." Sec. 111.01 (4).

Upon the return of the record to the trial court it will be its duty to proceed in one of two ways. First, to determine upon the record made before the board whether the order of the board of December 26, 1946, should be confirmed, modified, or set aside. Second, if proper application is made under the provisions of sec. 111.07 (7), Stats., if the court, in the exercise of its discretion is of the opinion that further evidence should be taken, the matter should be referred to the board in accordance with the provisions of that subsection.

*By the Court.*—The judgment appealed from is reversed, and cause remanded to the trial court for further proceedings as indicated in this opinion.

The following opinion was filed April 14, 1948:

WICKHEM, J. (*concurring*). I agree with the conclusion of the court that this case is not moot for the reasons stated in

the opinion and on the authority of the cases there cited. A determination that the case should not have been held to be moot assumes that it was not dealt with on its merits in the lower court and the case is remanded for the purpose of such consideration. Ordinarily this should end our consideration because if the trial court has not dealt with the matter on its merits we have nothing to review in that respect. In this case, however, it appears to me that the situation calls for some suggestion by this court as to the merits, all of which, with one possible exception, are determinable from the record. The trial court in its memorandum stated in part:

"It now conclusively appears that said order limiting the picketing arose out of and was related to the strike then in progress. The evidence now shows that the strike has been terminated. . . . I am therefore of the opinion that the factual situation which existed and which prompted the board, the plaintiff board, to enter the order herein referred to and sought to be enforced by the judgment, no longer exists, and therefore that the order and the petition herein is moot."

While the trial court used the word "moot" it appears from the context that the term might have been loosely used and that the court intended to dispose of the case on its merits. If he did I should not want the impression to exist upon remand that such a determination is erroneous on the basis of the record made. The record discloses that on May 3, 1946, upon complaint of the company followed by a full hearing the board found that the union had engaged in mass picketing in blocking entrances and in coercing employees from entering the plant. The board entered the usual general order requiring the union to cease and desist from all practices condemned by the statutes as unfair. This order was enforced by a judgment of the circuit court entered September 9, 1946. On December 6, 1946, the company filed a new complaint alleging continuance and increase of prohibited activities by the union notwithstanding the previous order. Upon hearing of

testimony sustaining the complaint the board entered the order here involved. This order repeated its prohibition of mass picketing and other unfair practice and in addition specifically limited the number of pickets. The memorandum accompanying the order states:

"The number of pickets allowed concededly is small. It is, however, sufficient so that all persons approaching the premises of the Allis-Chalmers Manufacturing Company will at all times be aware of the fact that there is a strike on. Such limitation has been demonstrated to be necessary if any pretense is to be made toward the maintenance of law and order in the city of West Allis while this strike continues. It can no longer be assumed, . . . that the leadership of the organization now on strike, intend to be law-abiding citizens."

The order here involved therefore has two distinct parts. The first part is an order to cease conduct specifically condemned as unfair by the statute. The second part does not deal with conduct specifically condemned by the statute as an unfair labor practice. It simply implements its general orders by a specific limitation of the number of pickets. This part of the order was addressed to the lawless manner in which this strike was being conducted. It appears to me that such an order does not survive the strike to which it relates and that it should not be enforced if the strike has ended. To do so would be against the apparent intention of the order, would give force and scope to the order which is beyond the powers of the board and would transmute the order into a sort of permanent administrative rule to be applied in the future without regard to the conditions that might obtain in future strikes.

Sec. 111.07 (7), Stats., provides that upon resort to the circuit court the court may affirm, reverse, or modify the order of the board. I assume that this commits to the court such discretion as usually vests in a court of equity. This includes the power to refuse enforcement of an order where such action is either improper or unnecessary. It appears to me that it

would be within the discretion of the trial court to refuse to enforce the first part of the order because there is already in force such an order coupled with an injunctive decree. It appears to me that it would be error for the court to enforce the second portion, that relating to limitation of pickets, if the strike has actually ended. I agree that under the doctrine of *Century Building Co. v. Wisconsin E. R. Board,* 235 Wis. 376, 291 N. W. 305, the question whether the strike is ended goes to the merits and if there is an issue of fact upon that the matter should be remanded to the board for a finding. However, the doctrine of that case relates only to issues of fact and if it is conceded that the strike is over or if, as seems entirely likely, that fact is of sufficient notoriety to bring it within the doctrine of judicial notice, the trial court would be in a position to decide this case without remand to the board.

I am authorized to state that Mr. Justice HUGHES concurs in this opinion.