CARLYLE, Respondent, v. KARNS, Commissioner of Motor Vehicles, Appellant.

*January 8—February 2, 1960.*

For the appellant the cause was argued by *LeRoy L. Dalton,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

No brief or appearance for the respondent.

FAIRCHILD, J. Mr. Carlyle has filed no brief, and made no argument in support of the orders appealed from. These orders might be reversed as a matter of course upon that account. Supreme Court Rule 32, sec. 251.32, Stats. The final order in the proceeding in circuit court was favorable

to the commissioner. The appeals from the restraining orders might, therefore, be dismissed as moot. The attorney general urges, however, that we decide the appeal upon its merits because it is of great importance to have an expression from this court to guide trial courts in similar instances. He tells us that the problem involved here arises frequently, and refers to a somewhat-similar instance in which we recently issued an alternative writ of prohibition to a circuit court, but no opinion was written because the matter was not contested.

An operator whose license is revoked because of a conviction of operating a motor vehicle while under the influence of intoxicating liquor, and whose business makes it essential that he operate an automobile, may seek an occupational license under sec. 343.10, Stats. That section, however, prohibits issuance of an occupational license until at least ninety days after the conviction. If the automobile operator can persuade a court to restrain enforcement of the revocation order during the ninety-day period, he can render the ninety-day provision completely ineffective. The legislature, as one means of reducing injury and death on the highways, compels the Motor Vehicle Commissioner to revoke driving privileges after certain events, including convictions like Carlyle's, either in this state, or other states. By prohibiting the issuance of an occupational license prior to the lapse of ninety days, the legislature has indicated that regardless of the degree of hardship involved for the individual, there should be a minimum period of ninety days of absolute revocation. This was thought a proper means of convincing drivers that they must not drive while under the influence of intoxicating liquor. The improvident issuance of restraining orders during the ninety-day period frustrates this legislative purpose. In the case before us, counsel for Mr. Carlyle was successful in preventing enforcement of the revocation

order until his client became eligible to apply for an occupational license. There will doubtless be similar maneuvers in the future.

Because of the considerations urged by the attorney general, we have decided to consider this appeal on its merits. See *Wisconsin E. R. Board v. Allis-Chalmers W. Union* (1948), 252 Wis. 436, 31 N. W. (2d) 772, 32 N. W. (2d) 190. The orders appealed from (granting an injunction) are appealable under sec. 274.33 (3), Stats. *Dunn v. Acme A. & G. Co.* (1918), 168 Wis. 128, 169 N. W. 297.

Sec. 343.40, Stats., authorizes a review of a revocation of an operating privilege by a proceeding under ch. 227, Stats., *unless the revocation is mandatory.* A revocation under sec. 343.31 is mandatory. Where revocation is required by the statute, without discretion on the part of the commissioner, the commissioner's act is ministerial, and is not subject to review. *Burk v. Commissioner of Motor Vehicles* (1959), 8 Wis. (2d) 620, 99 N. W. (2d) 726.

It may not have been absolutely clear from the petition for review which Carlyle filed with the circuit court that the revocation of which he was complaining was of the mandatory type. The petition did not describe the offense of which Carlyle had been convicted. Assuming, however, that from the facts alleged in the petition, the circuit court might have considered that it had jurisdiction, the circuit court erred in entering a restraining order which purported to be effective until October 2d, more than two months after the restraining order was issued. Sec. 268.025 (2), Stats., applies to orders restraining the enforcement of a statutory order of an administrative officer. Such a restraining order must not be issued without notice to the attorney general and the administrative officer involved unless the court is of the opinion that irreparable damage will result to the applicant. Even if the court is of that opinion, the order "shall be effective only

for five days unless extended after notice and hearing thereon."

If any representation was made to the circuit court on July 29th that irreparable damage would result to Mr. Carlyle if the restraining order were not issued, it does not appear in the record. Furthermore, since the statutes give the circuit court power to review a revocation order in a proceeding under ch. 227, Stats., only when the revocation is not mandatory, and since many of the revocations provided for under ch. 343, Stats., are mandatory, rather than discretionary, it behooves the circuit courts to examine closely whether the particular revocation, which a petitioner seeks to review, is one as to which the commissioner has discretion, or as to which revocation is solely ministerial. An *ex parte* restraining order of the type entered July 29th should not be signed without some assurance from the attorney presenting it that the revocation involved is one which the court does have jurisdiction to review. In any event, the court should not sign a restraining order in these matters which fails to provide for a hearing as promptly as possible, in no event, more than five days from the date of the order.

Before the second order was issued on August 12th, the commissioner had informed the court that the revocation involved was mandatory, and that it could not be reviewed. There is nothing in the record suggesting that there was any doubt as to the mandatory character of the revocation. It accordingly was error for the circuit court to enter the further restraining order on August 12th.

*By the Court.*—Orders reversed.