Broadfoot, J.
The sole issue presented to this court upon the appeals is the authority of the circuit court to enter the judgments herein. Each side approaches the issue from a different angle.
The attorney general deals with the matter as though the only case before the court was the appeal by the respondents from the order of the board. Such reviews are under the provisions of ch. 227, Stats. It is contended that the circuit court exceeded the authority given it in reviewing the orders of administrative agencies under the provisions of that chapter. Undoubtedly the board would have been correct if that were the only matter before the circuit court. However, the court was dealing with two separate, though related, matters. The board had petitioned for an enforcement order and the procedure therein is governed by sec. 111.07 (7), Stats. A portion of that section effective at the time of the petition is as follows:
“Upon such hearing the court may confirm, modify, or set aside the order of the board and enter an appropriate decree. No objection that has not been urged before the board shall be considered by the court unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. The findings of fact made by the board, if supported by credible and competent evidence in the record, shall be conclusive.”
The respondents argue the issue as though the enforcement proceeding was the only matter before the court. They refer to the first portion of the quoted part of the statute and contend that the circuit court’s refusal to enforce the board’s order was proper since the order was no longer necessary. *343 They contend that the picketing had stopped prior to the hearing before the board; that the controversy involved only a limited amount of construction, i.e., one dwelling, which had obviously been completed by the end of 1959; that the board’s findings directed attention exclusively to the building site that was picketed; that its determination of jurisdiction was based upon the complainant’s business activities in the year 1957 and, since conditions and facts change, the court could modify the cease-and-desist order.
The respondents further contend that certain language in sec. 111.07 (7), Stats., gives to the court in enforcement proceedings such discretion as usually vests in a court of equity. In Condura Construction Co. v. Milwaukee Bldg. & Construction Trades Council, 8 Wis. (2d) 541, 99 N. W. (2d) 751, a permanent injunction was entered by the circuit court enjoining defendants from picketing plaintiff’s premises and construction sites. In that case we held that permanent injunctions are not irrevocable but they are permanent only so long as the conditions which justified the injunction remain permanent. A court of equity has authority to modify a permanent injunction once issued by it. In the present case we are dealing with an administrative review and with a field of administrative law that is governed by statute.
The respondents also refer to the concurring opinion of the late Mr. Justice Wickhem in Wisconsin E. R. Board v. Allis-Chalmers Workers’ Union, 252 Wis. 436, 445, 31 N. W. (2d) 772, wherein he stated, “I assume that this commits to the court such discretion as usually vests in a court of equity.” With all due respect to the great judicial stature of Mr. Justice Wickhem, that statement was his personal opinion and was not the opinion of the court. However, the decision in that case is controlling here.
The defendants in that case, while on strike against the Allis-Chalmers Company in November and December, 1946, engaged in mass picketing and violence. A complaint based *344 upon the activities of the defendants was filed with the board and, after hearing, the board entered an order directing the union to cease and desist from interfering with the conduct of lawful work and with ingress and egress to the factory by means of mass picketing, coercion, intimidation, violence, and the like. In that case, as here, the board filed a petition for enforcement. The union moved to dismiss the petition for enforcement since the strike had been settled and the matter was moot. The circuit court granted the motion of the union. This court reversed. In the decision several United States supreme court cases were cited which held that although private parties may settle their controversies at any time, because of the public interest in orders of administrative agencies an order made by an administrative board, lawful when made, does not become moot because a change in circumstances indicates that the need for it may be less than when made.
Here the trial court had before it only the record made before the board. The determination by the trial court that there was no longer any necessity for the cease-and-desist order was the equivalent of saying that the case was moot, and comes squarely within the rule laid down in the Allis-Chalmers Case, supra. We conclude, therefore, that the circuit court for Dane county had no authority to modify the cease-and-desist order of the board as of December 31, 1959, for the reason that the order had served its purpose and was no longer necessary.
By the Court. — Judgments reversed. Causes remanded to the circuit court with directions to enter a judgment affirming the order of the Wisconsin Employment Relations Board dated February 24, 1958, upon the petition for the review thereof, and to enter a judgment confirming and enforcing the provisions of the order as prayed for in the petition for enforcement by said board.