WALDER and wife, Appellants, v. ALLEN and others, Respondents.

*April 14—May 10, 1966.*

For the appellants there was a brief and oral argument by *John W. Flood* of Wausaukee.

No brief or appearance for respondents.

HEFFERNAN, J. The respondents, defendants below, have filed no brief in this court. The appellants' attorney left a letter with this court that he received from Mrs. Doris Allen, one of the defendants, explaining why she is not continuing to pursue the matter. The letter in full reads as follows:

"Jan. 21, 1966

Dear Mr. Kopish:

In regards to the Walder vs. Allen case, The Maple Beache Gift Shop sign has been removed as of Jan. 20, 1966. The constant pressure and tension has been upsetting my health. I have been informed this could very well cause a repeat of the illness I suffered last March 1965. This letter will terminate any legal issue I have of the Maple Beache Gift Shop sign. I am mailing a copy to Mr. Flood also.

Sincerely yours,
s/Mrs. Doris Allen"

Sec. (Rule) 251.57, Stats., provides:

"When a cause is submitted, or presented by counsel for appellant or plaintiff in error, but not by the opposing party, the judgment or order appealed from may be reversed as of course, without argument."

See *State ex rel. Roth v. Ryan* (1965), 28 Wis. (2d) 695, 137 N. W. (2d) 833, in which we reversed the judgment as of course pursuant to the rule.

Therefore, since the respondents have not filed a brief with the court and one of them has indicated that the cause of the dispute (the sign reading, "Maple Beache Gift Shop") has been removed, the order sustaining the demurrer is reversed pursuant to sec. (Rule) 251.57, Stats.

We also note that this reversal leaves the complaint standing. The complaint, however, appears moot, since it asks for removal of the sign and a perpetual injunction restraining use of the sign. These demands have been met by the removal of the sign.

*By the Court.*—Order reversed.