SCHWARZBAUER and others, Plaintiffs: TOWN OF ME-
NASHA, Appellant, v. CITY OF MENASHA, Respondent.

*November 3—November 29, 1966.*

For the appellant there was a brief and oral argument by *E. A. Stecker* of Appleton.

For the respondent there was a brief by *Richard J. Steffens,* city attorney, attorney, and *Henry P. Hughes* of Oshkosh, of counsel, and oral argument by *Mr. Hughes.*

HALLOWS, J. In August 1964 the city of Menasha acquired extraterritorial zoning power to control the area contiguous to the city. Sec. 62.23 (7a), Stats. 1965, permits the governing body of any city which has complied with the requirements of creating a city plan commission and adopting a zoning ordinance to exercise under certain conditions the power to enact extraterritorial zoning ordinances. In order to establish a comprehensive zoning ordinance, a "district plan and regulations" must be established, and to aid in such purpose a joint extraterritorial zoning committee is to be created. This committee consists of three members of the city plan commission and three members appointed by the town board from each town affected by the proposed plan and regulations. Sec. 62.23 (7a) (c). The appellant town of Menasha refused to appoint three members to this committee.

About June 10, 1965, the petitioners Carl Schwarzbauer and his wife Catherine, John Schwarzbauer and his wife Dolores, and Robert Schwarzbauer and his wife Gladys, as owners, submitted a proposed plat of their agricultural land adjacent to the city of Menasha but in the town of Menasha for approval by the common council of the city of Menasha. This preliminary plat of the subdivision was approved by the department of resource development, by the planning agency of the Winnebago county board, and the town board of Menasha. On June 16th the common council for the city of Menasha rejected the plat on the ground the town of Menasha had not appointed three members to the extraterritorial zoning com-

mission. Shortly thereafter, on June 29, 1965, the Schwarzbauers and the town of Menasha sought this writ of certiorari, claiming the refusal to approve the plat was contrary to sec. 236.13 (3), Stats., which prohibits the rejection of plats for reasons not specified in the section.

Before the hearing on the return to the writ and during the month of August, the city of Menasha acquired the Schwarzbauer property by purchase and the record discloses the Schwarzbauers are no longer interested in the approval of the plat. Although the question of mootness was raised in the lower court, it was not decided; the court *sua sponte* decided it had no jurisdiction because of the misdirection of the writ.

On this appeal only the town of Menasha is before us. The Schwarzbauers have not joined in the appeal and the city of Menasha has moved that the appeal be dismissed because the question is moot. The town of Menasha insists it is an aggrieved party and has a right to have the merits of the rejection of the plat determined— questions we do not decide.

This court does not normally decide questions which have become moot. The question presented is moot because a determination is sought which, when made, cannot have any practical effect upon an existing controversy. A determination of the merits of the claim that the plat was not properly rejected by the common council has no practical legal effect at the present time because neither the Schwarzbauers, the former owners, nor the city of Menasha, the present owner, desire the plat to be approved. Even if the plat were ordered to be approved, there is no requirement in the law and this court cannot order that it be recorded by the owner of the land so as to govern the use of the land covered thereby.

While the town of Menasha is desirous of having this land validly zoned for residential use in order to prevent its use for the industrial purpose for which it was pur-

chased by the city of Menasha, that is not a sufficient reason for this court to decide a subsidiary question thereto in view of its mootness. There is no question of law involved in which the state has an urgent interest. Nor is the question sought to be determined of great public importance or *publici juris*. No sufficient grounds for an exception to this rule are shown and thus this case is governed by *Thoenig v. Adams* (1940), 236 Wis. 319, 294 N. W. 826; *State ex rel. La Follette v. Kohler* (1930), 202 Wis. 352, 232 N. W. 842; and *State v. Zisch* (1943), 243 Wis. 175, 9 N. W. (2d) 625.

*By the Court.*—Appeal dismissed.