STATE EX REL. HERNANDEZ, Appellant, v. McCONAHEY, Clerk of Courts for Fond du Lac County, Respondent.*

*No. 239. Argued March 31, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 412.)

* Motion for rehearing denied, without costs, on June 27, 1969.

For the appellant there was a brief and oral argument by *A. D. Sutherland* of Fond du Lac.

For the respondent there was a brief and oral argument by *Frederick K. Foster,* corporation counsel of Fond du Lac county.

BEILFUSS, J.   The appeal must be dismissed for two reasons: (1) There is no order nor judgment in the record to be appealed from, and (2) the question is moot.

The issue was presented to the circuit court on the petition, which contained a stipulation of facts, and upon arguments of counsel.   In the memorandum opinion filed by Judge MURPHY, he rejected the contention that the statute was unconstitutional and concluded the statutory fee to be advanced was $37 rather than the $44 demanded by the clerk, and that the clerk make such charge; and that the petitioner was entitled to a trial by jury.

The memorandum opinion does not direct the clerk to call a jury, nor does the record reveal any order or judgment of any kind directing the clerk to do anything or refrain from doing anything.

The notice of appeal states it is taken from a judgment—there is no judgment.  The brief of the appellant-petitioner states it is from an order—there is no document of any kind designated as an order, nor one that can be considered an appealable order.

In *Estate of Baumgarten* (1961), 12 Wis. 2d 212, 219, 107 N. W. 2d 169,[2] we stated:

"Even though the respondents have raised no issue with respect to whether the county court's memorandum decision of May 4, 1960, constituted an appealable order,

[2] *See also Estate of Keske* (1966), 33 Wis. 2d 64, 67, 146 N. W. 2d 450.

it is the duty of this court to dismiss the appeal on our own motion if we conclude it is not. *Mitler v. Associated Contractors* (1958), 3 Wis. (2d) 331, 88 N. W. (2d) 672. The enactment of sec. 274.11 (4), Stats., by the 1959 legislature, which has extended the jurisdiction that may be conferred on this court by consent or waiver, has not abrogated the rule of the *Mitler Case*. This is because the statute makes such extended jurisdiction contingent upon the trial court's having entered an appealable order or judgment."

The record on appeal reveals that the respondent, Clerk of Courts, made a motion to dismiss this appeal upon the ground that the petitioner had not appealed from an appealable order or judgment. On December 11, 1968, we denied the motion. We now consider our order denying the motion to dismiss the appeal was improvident and is set aside.

The memorandum opinion of the trial court does contain conclusions of law by the trial court but does not contain sufficient order or direction to constitute an appealable order. The duty rests upon counsel to obtain a sufficient order or judgment upon which to predicate an appeal. We cannot supply the deficiency.

We also conclude that the question sought to be litigated on this appeal is moot:

"A case is moot when a determination is sought 'upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.' *Thoenig v. Adams*, 236 Wis. 319, 322, 294 N. W. 826. See *St. Pierre v. United States*, 319 U. S. 41, 63 Sup. Ct. 910, 87 L. Ed. 000, decided May 3, 1943; *State ex rel. La Follette v. Kohler*, 202 Wis. 352, 232 N. W. 842." *State v. Zisch* (1943), 243 Wis. 175, 177, 9 N. W. 2d 625.[3]

---

[3] *Thoenig v. Adams* (1940), 236 Wis. 319, 322, 294 N. W. 826; *Schwarzbauer v. Menasha* (1966), 33 Wis. 2d 61, 63, 64, 146 N. W. 2d 402.

The action referred to, in the petition for a writ of mandamus in Branch II of the county court of Fond du Lac county, arose as the result of a complaint that the petitioner, August Hernandez, had, on June 16, 1968, violated two sections of a city traffic ordinance. That case has been tried by a jury and judgment entered. It is now on appeal in this court, was argued as a companion case, and is determined by our opinion rendered today.[4]

We take judicial notice of the record of both of these cases upon appeal. The record in the traffic ordinance case reveals: The complaint was filed June 19, 1968; the defendant appeared and demanded a 12-man jury; on September 18, 1968, trial was had before the court and a jury; the jury returned a verdict of not guilty as to one count and guilty as to another, and judgment pursuant to the verdict was entered on September 24, 1968. The record does not reveal any motion or order for a continuance because of the mandamus proceeding.

The record in this action reveals the petition was served July 19, 1968, and the memorandum opinion filed September 23, 1968. This record does not reveal any motion or order restraining the county court from proceeding in the traffic ordinance case.

The traffic ordinance case was tried by a jury and judgment entered albeit an appeal.

If we were to determine this appeal upon its merits and favorably to the petitioner we could not order the respondent to call a jury. That has already been done; the issues were tried by a jury; the verdict was returned, and judgment entered thereon. The petitioner's demand for a jury without payment of statutory costs is now a moot question.

*By the Court.*—Appeal dismissed.

---

[4] *Fond du Lac v. Hernandez,* post, p. 473, 167 N. W. 2d 408.