CITY OF RACINE, Appellant, v. J-T ENTERPRISES OF AMERICA, INC., Respondent. [Case No. 218.]

CITY OF RACINE, Appellant, v. J-T ENTERPRISES OF AMERICA, INC., Respondent. [Case No. 219.]

CITY OF RACINE, Appellant, v. J-T ENTERPRISES OF AMERICA, INC., and others, Respondents. [Case No. 220.]

CITY OF RACINE, Appellant, v. J-T ENTERPRISES OF AMERICA, INC., and others, Respondents. [Case No. 221.]

*Nos. 218–221. Argued September 4, 1974.—Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 869.)

---

692

693

For the appellant there were briefs by *Jack Harvey,* city attorney, and *Edward A. Krenzke,* deputy city attorney, and oral argument by *Mr. Krenzke.*

For the respondent there was a brief and oral argument by *William D. Whitnall* of Racine.

BEILFUSS, J. 1. Did the building inspector for the city of Racine have authority to commence the action alleging a violation of the building code ordinance (Supreme Court Case No. 218)?

2. Did the trial court properly deny injunctive relief for violation of a theater licensing ordinance in Supreme Court Case Nos. 219, 220 and 221?

Sec. 62.23 (9) (a), Stats.,[7] provides that the city council *may* provide for the enforcement of laws and

---

[7] "The city council may provide for the enforcement of this section and all other laws and ordinances relating to buildings by means of the withholding of building permits, imposition of forfeitures and injunctive action, and for such purposes may establish and fill the position of building inspector. . . ."

ordinances relating to buildings by withholding building permits, imposition of forfeitures and injunctive action and for such purpose *may* establish and fill the position of building inspector. The statute is not a direct grant of power to the building inspector, but rather authorizes the city, through the common council, to invest him with such of the enumerated powers (sec. 62.11 (5)) as it may deem appropriate.

The only provision cited to this court by the appellant purporting to authorize the city building inspector to commence action 71–212 (Supreme Court Case No. 218) is a portion of sec. 13.04 (1) (d) (i) of the Racine municipal ordinances relating to the "Powers and Duties of Building Inspector," which provides:

". . . the Building Inspector shall institute an appropriate action or proceeding at law or in equity, to restrain, correct or remove such violations and compel compliance. . . ."

Standing alone, this provision might well serve as a general authorization to commence actions of the type under consideration; however, when taken in context, a quite different concept emerges. Sec. 13.04 (1) outlines a definite procedure to be followed by the building inspector with respect to code violations.[8] An original

---

[8] "13.04 (1) *Powers and Duties of Building Inspector.* . . . (d) Whenever any building or portion thereof is being used or occupied contrary to the provisions of this Code, the Building Inspector shall order such use or occupancy discontinued and the building or portion thereof vacated by notice served on any person using or causing such use or occupancy to be continued, and such person shall vacate such building or portion thereof within 10 days after receipt of such notice, or make the building or portion thereof comply with the requirements of this Code. . . .

"(i) If at the expiration of the time as set forth in the first notice, the instructions as stated have not been complied with, a second notice shall be served personally upon the owner, his agent or the person in possession, charge or control of such building or

notice of violation must be served on the violator upon discovery of the violation. The violator then has ten days to vacate or conform. If the violator has not complied at the expiration of the ten days, a second notice must be served. Only if there has not been compliance within thirty days after the second notice is the building inspector authorized to commence an action under the provision relied upon by appellant. We conclude that sec. 13.04 (1) did not vest the building inspector with authority to commence this action (Supreme Court Case No. 218) because the second notice was not served.

The city further contends that by virtue of city council Resolution 594,[9] adopted May 18, 1971, the city council ratified the commencement of this action. Resolution 594, however, specifically authorized the city building inspector ". . . to take any and all legal action necessary to secure compliance with Section 22.13 of the Municipal Code of the City of Racine relating to theaters and the licensing of theaters." Since sec. 22.13 was not enacted until April 19, 1971, and since the instant action was commenced on April 14, 1971, five days earlier, it seems that the resolution can in no way be construed as a ratification, since to do so the city council would in effect be authorizing the enforcement of an ordinance before it was enacted.

structure or part thereof, stating such precautionary measures as may be necessary or advisable to place such building or structure or part thereof in a safe condition. Should the necessary changes not be made within 30 days after service of such second notice, the Building Inspector shall institute an appropriate action or proceeding at law or in equity, to restrain, correct or remove such violations and compel compliance. In case of emergency or where such second notice has not been complied with, the Building Inspector may proceed with the work specified in such notice, and cause the cost of same to be paid and levied as a lien against the property."

[9] *See* footnote 4, *supra.*

The order dismissing the complaint in Supreme Court Case No. 218 must be affirmed because the common council of the city of Racine had not authorized the commencement of that action.

In the remaining three cases the question for determination is whether injunctive relief is available to prohibit noncompliance with a theater licensing ordinance.

At oral argument it was revealed that Messrs. Ruetz and Witheril, the sole owners of J-T Enterprises, had sold their interest to an individual who subsequently terminated business operations and absconded. The premises in question are presently being used as a department store. The question of mootness therefore arises. There are two facets to this question: (1) Are the causes of action for injunction moot, and (2) should this court nonetheless consider this case on the merits?

This court has consistently adhered to the rule that a case is moot when "a determination is sought which, when made, cannot have any practical effect upon an existing controversy." *Schwarzbauer v. Menasha* (1966), 33 Wis. 2d 61, 63, 146 N. W. 2d 402; *State ex rel. Hernandez v. McConahey* (1969), 42 Wis. 2d 468, 471, 167 N. W. 2d 412; *Fort Howard Paper Co. v. Fort Howard Corp.* (1956), 273 Wis. 356, 360, 77 N. W. 2d 733; *State v. Zisch* (1943), 243 Wis. 175, 177, 9 N. W. 2d 625; *Thoenig v. Adams* (1940), 236 Wis. 319, 322, 294 N. W. 826; *Smith v. Smith* (1932), 209 Wis. 605, 608, 245 N. W. 644. The general rule is that the court will not determine abstract principles of law.

In this case we conclude it is apparent that the question of the right to injunction is moot. The complaints all sought to enjoin the illegal use of the specific premises at 410 Main Street, Racine, Wisconsin. Since those premises are no longer occupied by the defendant-corporation and are being used for another purpose, the issuance of the requested injunctions could have no "practical effect upon

an existing controversy." Appellant contended at oral argument that an injunction was needed because the city had no assurance that the defendant would not commence illegal use of the premises at some future time. This contention is not very realistic and also not in accord with existing case law.

In *Walder v. Allen* (1966), 31 Wis. 2d 70, 141 N. W. 2d 867, plaintiffs, owners of the Maple Beach Resort, sought to enjoin the defendants' use of a sign advertising the "Maple Beache Gift Shop." The defendants voluntarily removed the sign but plaintiffs nonetheless prosecuted the appeal. This court held that the complaint, which sought a perpetual injunction, was moot because its ". . . demands have been met by the removal of the sign." There was no guarantee that the defendant would not resurrect the sign at some time in the future, but the court found mootness nonetheless.[10]

In *State v. Seymour* (1964), 24 Wis. 2d 258, 261, 128 N. W. 2d 680, we stated:

". . . Generally, if a question becomes moot through a change in circumstances, it will not be determined by the reviewing court. . . . It is a well-recognized exception that a reviewing court will retain jurisdiction and decide the issue if the question is one of great public importance. *Carlyle v. Karns* (1960), 9 Wis. (2d) 394, 101 N. W. (2d) 92; *Wisconsin E. R. Board v. Allis-Chalmers W. Union* (1948), 252 Wis. 436, 32 N. W. (2d) 190. . . ."

This court, in its discretion, has decided moot cases on the merits where the constitutionality of a statute is involved, *Doering v. Swoboda* (1934), 214 Wis. 481, 253 N. W. 657; and where the precise situation under consideration arises so frequently that a definitive decision is essential to guide trial courts in similar instances, *Carlyle v. Karns* (1960), 9 Wis. 2d 394, 101 N. W. 2d 92.

---

[10] *See also: Schwarzbauer v. Menasha, supra.*

Moot cases will be decided on the merits only in the most exceptional or compelling circumstances.

All that could be accomplished by the issuance of an injunction would be to force compliance with the ordinance or prohibit the use of the premises in violation of the theater licensing ordinance. In this case the theater business has been discontinued and the use of the premises drastically changed. The use of the premises as a department store is in no way in violation of the theater license ordinance and there is no use nor persons left to restrain.

We, therefore, conclude the injunction issue is moot and not within an exception which would warrant a decision on the merits, and the appeal in Supreme Court Case Nos. 219, 220 and 221 should be dismissed. (We note, however, the causes of action for forfeitures in the last three cases are not affected by this decision.)

From the record, the briefs and oral argument, it is apparent that the city has pursued its remedy diligently and in good faith. It had no control over the facts which made the principal issue moot. Therefore no appeal costs should be taxed against it.

*By the Court.*—The order in Supreme Court Case No. 218 is affirmed; the appeal from the orders in Supreme Court Case Nos. 219, 220 and 221 is dismissed. No costs to be taxed.