STATE EX REL. STEIGER, Member of the United States House of Representatives, Petitioner, v. EICH, Circuit Judge, and another, Respondents.

Supreme Court

*No. 77–828–OA. Submitted on briefs September 7, 1978.— December 22, 1978.*
(Also reported in 272 N.W.2d 380.)

For the petitioner the cause was submitted on the briefs of *Gordon B. Baldwin,* University of Wisconsin Law School, *John Vanderstar, John R. Bolton* and *Covington & Burling* of Washington, D. C.

For the respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, *Marguerite M. Moeller,* assistant attorney general, and *James E. Doyle, Jr.,* district attorney for Dane county.

PER CURIAM. This is an original action for a writ of prohibition against the circuit court for Dane county to prevent the court from compelling William A. Steiger, member of the United States House of Representatives representing the Sixth Congressional District of Wisconsin, to reveal the names of certain persons who gave the Congressman information concerning violation of the voting laws in Dane county during the 1976 presidential election. In his memorandum in support of his petition, Congressman Steiger urged that the speech or debate clause of the United States Constitution, Art. I, sec. 6,[1] provides members of Congress immunity from such inquiry.

Congressman Steiger died on December 4, 1978. A decision on the merits of this dispute can have no practical legal effect upon any existing controversy. The case is therefore moot, and generally this court will not determine a moot issue. *Schwarzbauer v. Menasha,* 33 Wis.2d 61, 63–64, 146 N.W.2d 402 (1966) ; *Fort Howard Paper Co. v. Fort Howard Corp.,* 273 Wis. 356, 360, 77 N.W.2d 733 (1956).

This court has, on occasion, decided an issue even though the matter has become moot as to the particular

---

[1] Art. I, sec. 6, U. S. Const.:

"The Senators and Representatives . . . shall in all cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same; and *for any Speech or Debate in either House, they shall not be questioned in any other Place.*" (Emphasis added.)

parties involved. *Mueller v. Jensen,* 63 Wis.2d 362, 366–67, 217 N.W.2d 277 (1974). However, we have cautioned that this court's "consideration of constitutional issues as they apply to other persons or other situations is guarded and limited." *State ex rel. Ellenburg v. Gagnon,* 76 Wis.2d 532, 535, 251 N.W.2d 773 (1977).

Although this case raises an interesting and difficult federal constitutional question, one involving state-federal relations and the powers of the legislature and judiciary, we decline to reach that question.

The speech or debate clause is rarely raised as a defense in litigation. The United States Supreme Court has decided only a relatively limited number of cases concerning that clause. This is the first time the applicability of the clause has been at issue before this court. An interpretation of the federal speech or debate clause by this court would not be a definitive interpretation and would provide little guidance to federal legislators or members of the general public in their dealings with members of Congress. Moreover the language of the speech or debate clause of the Wisconsin Constitution[2] differs from that of the federal clause. A construction of the federal clause by this court would have no clear implication as to the meaning of the state clause. *See generally, Carlyle v. Karns,* 9 Wis.2d 394, 397, 101 N.W.2d 92 (1960).

For these reasons it is inappropriate for this court to reach the constitutional issue presented by the instant case.

We dismiss the original action for a writ of prohibition. We remove the stay upon the order of March 22, 1978, and vacate that order.

[2] Art. IV, sec. 16, Wis. Const.:

"No member of the legislature shall be liable in any civil action, or criminal prosecution whatever, for words spoken in debate."