COURT OF APPEALS
DECISION
DATED AND FILED

September 4, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.         **2023AP1452**

STATE OF WISCONSIN

Cir. Ct. No.  2022CV6940

IN COURT OF APPEALS
DISTRICT I

JEAN PIERRE RIFFARD,

PETITIONER-APPELLANT,

V.

WISCONSIN DEPARTMENT OF PUBLIC INSTRUCTION,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: THOMAS J. McADAMS, Judge. *Dismissed*.

Before Donald, P.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jean Pierre Riffard appeals from an order of the circuit court affirming an order of the Wisconsin Department of Public Instruction (DPI), finding that the Shorewood School District properly denied Riffard's complaint alleging religious discrimination and pupil harassment. For the reasons set forth below, we conclude that Riffard's appeal is moot, and we dismiss it as such.

## BACKGROUND

¶2 The parties do not dispute the facts set forth in DPI's decision. Accordingly, we recite the following facts as set forth therein.

¶3 On August 4, 2021, Shorewood implemented a policy in preparation for the upcoming 2021 to 2022 school year that required that all persons wear a face mask when indoors at its facilities. Shorewood provided that it implemented the policy for everyone's safety during the COVID-19 pandemic and in accordance with federal, state, and local guidance for schools that were returning to in-person learning for the upcoming school year. Shorewood further advised that it would make adjustments to the masking requirement "as public health conditions warrant." On August 12, 2021, Shorewood provided more details on the masking requirement saying that it wanted to "offer the best opportunity to provide and maintain safe in-person instruction while minimizing the spread of COVID-19." In addition to the masking requirement as a way to minimize the spread of COVID-19, Shorewood also stated that it implemented a procedure for daily disinfecting and cleaning of the premises and upgraded the ventilation.

¶4 On August 13, 2021, Riffard contacted Shorewood about his disagreement with the effectiveness of masks in preventing the spread of COVID-19, and he advised that his son, who was enrolled in Shorewood, did not consent

to wearing a mask at school. In response, Shorewood stated that Riffard's son would be required to wear a mask while indoors at school and no exceptions would be made, unless accommodations were required under state or federal law. Shorewood advised that non-compliant students would be removed from its facilities, and students who repeatedly failed to comply would not be allowed to attend school in person. Shorewood also provided information to Riffard about options for virtual learning.

¶5 Riffard subsequently requested a religious exemption from the mask requirement by a letter dated August 27, 2021, and he requested that his son be allowed to attend school without wearing a mask. Riffard further stated that he did not consider virtual learning to be a reasonable accommodation for his son. Shorewood denied Riffard's request on August 31, 2021, and invited Riffard to contact Shorewood's legal counsel. Shorewood also reiterated that virtual learning was available as an option for the upcoming 2021 to 2022 school year in light of Riffard's concerns with the masking requirement.

¶6 Riffard subsequently contacted Shorewood's legal counsel, and in a letter dated September 10, 2021, legal counsel reiterated that Riffard's son would be required to comply with the masking requirement "as long as it remains in effect."[1] Legal counsel further informed Riffard that if he decided to instruct his son not to wear a mask at school, Shorewood "will be required to temporarily isolate your child in the District office while [he] waits to be picked up by you or

---

[1] In reciting the facts in its decision, DPI noted that there is a discrepancy about the date of the letter Riffard received from Shorewood's legal counsel. There is no dispute as to the contents of the letter from legal counsel.

another authorized adult. Thereafter, the District will be required to explore other options, including requesting the assistance of law enforcement."

¶7    Riffard filed a pupil discrimination complaint on October 19, 2021, and asserted that Shorewood had engaged in religious discrimination by denying the request for a religious exemption to the masking requirement. He further asserted that legal counsel engaged in both religious discrimination and pupil harassment.

¶8    Shorewood hired outside counsel to investigate Riffard's complaint, and in a report dated December 16, 2021, outside counsel found that Shorewood had not engaged in any discrimination on religious grounds and legal counsel had not engaged in harassment. Shorewood denied Riffard's complaint on the basis of the report and adopted the findings and conclusions found therein.

¶9    Riffard sought review by DPI on January 12, 2022, and DPI denied Riffard's appeal in a written decision dated October 4, 2022. DPI found that Shorewood's denial of Riffard's request was not religious discrimination because Riffard's request would pose an undue hardship if accommodated. DPI further found that Shorewood's legal counsel did not engage in religious discrimination or pupil harassment because the letter was sent to Riffard and was not directed to his son.

¶10    Riffard then sought review in circuit court, and the circuit court affirmed DPI's decision in a written decision signed and filed on June 28, 2023. Riffard now appeals.

**DISCUSSION**

¶11     On appeal, Riffard argues that DPI's decision finding that no religious discrimination or pupil harassment occurred was erroneous. In particular, he takes issue with DPI's finding that no religious discrimination occurred because allowing an exemption for his son did not present an undue hardship for Shorewood and there was a reasonable accommodation provided. As to pupil harassment, he particularly takes issue with DPI's finding that no pupil harassment occurred because the communication in this instance—the letter from legal counsel threatening a police escort for his son—was to the parent, not the pupil. He further argues that DPI erroneously found that Shorewood's masking requirement was supported by substantial evidence, and DPI erroneously found that Shorewood had not exceeded its authority as a school district when it imposed a masking requirement in the name of health and safety.

¶12     In response, DPI argues that Riffard's appeal is moot.[2] Thus, before turning to Riffard's arguments on appeal, we consider the threshold issue raised by DPI concerning whether Riffard's appeal is moot. *See Portage County v. J.W.K.*, 2019 WI 54, ¶11, 386 Wis. 2d 672, 927 N.W.2d 509. We conclude that it is.

¶13     "An issue is moot when its resolution will have no practical effect on the underlying controversy." *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559. We generally decline to address the merits of an

---

[2] We note that DPI raises mootness for the first time on appeal. We typically decline to address arguments raised for the first time on appeal. *See State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) ("The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal."). Riffard has not requested that this court decline to address DPI's mootness argument on the basis that it was raised for the first time on appeal. Thus, we address the issue of mootness.

issue that is moot. *Id.*, ¶29. However, this court may elect to address a moot issue under the following exceptions:

> (1) the issues are of great public importance; (2) the constitutionality of a statute is involved; (3) the situation arises so often a definitive decision is essential to guide the trial courts; (4) the issue is likely to arise again and should be resolved by the court to avoid uncertainty; or (5) the issue is capable and likely of repetition and yet evades review.

*J.W.K.*, 386 Wis. 2d 672, ¶12 (citation and internal quotations omitted). We review independently whether an issue is moot. *Id.*, ¶10.

¶14 We conclude that Riffard's appeal is moot. Importantly, even if Riffard could prove that reversal of DPI's decision is warranted, reversal would have no practical effect on the underlying controversy. First, the school year for which Riffard sought an exemption has long since ended, and second, the policy that Riffard challenges is no longer in effect.[3] *See id.*, ¶¶13-14 (concluding that a case was moot when the order appealed from was expired). With the conclusion of the 2021 to 2022 school year and expiration of the policy, the record reflects that Shorewood no longer seeks to impose a masking requirement on Riffard's son. Moreover, Riffard makes no allegation that Shorewood continues to impose a masking requirement on his son to attend school. Consequently, Riffard seeks an exemption for a policy that is no longer in effect for a school year that has since ended. There is, therefore, no longer a live controversy, and a decision from this

---

[3] DPI notes in its briefing that Shorewood's policy for the 2022 to 2023 school year stated that wearing a mask was an option, and Shorewood's most recent policy for the 2023 to 2024 school has no masking requirement. However, neither policy is contained in the record, and therefore, we do not address Shorewood's subsequent policies further. *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993) ("We are bound by the record as it comes to us.").

court reversing DPI's decision would have no practical effect because the relief Riffard seeks cannot be granted. *See PRN Assocs. LLC*, 317 Wis. 2d 656, ¶29.

¶15 In an effort to overcome mootness, Riffard argues that he qualifies for an exception to mootness. Specifically, Riffard argues that the first, fourth, and fifth exceptions apply. We disagree, and we conclude that Riffard's appeal does not meet any of the mootness exceptions.

¶16 As previously stated, Riffard is challenging a policy that is no longer in effect for a school year that has since ended. As DPI contends in its brief, the masking requirement Shorewood imposed was a requirement that was specific to the time period and challenges presented at the time of the 2021 to 2022 school year by the COVID-19 pandemic, and the masking requirement was based on the specific knowledge available at that time about the spread of COVID-19. Consequently, we consider this case to be highly fact specific. As a result, we do not consider this case to be an issue that we must resolve to avoid uncertainty because it is likely to arise again, and we do not consider this issue to be one that is likely to repeat itself. *See J.W.K.*, 386 Wis. 2d 672, ¶12.

¶17 Relatedly, we do not consider this case to be one of great public importance given its fact specific nature and the challenge that it raises to an expired policy for a school year that has since ended. "Moot cases will be decided on the merits only in the most exceptional or compelling circumstances." *City of Racine v. J-T Enters. of Am., Inc.*, 64 Wis. 2d 691, 702, 221 N.W.2d 869 (1974). This, in short, is not one of those exceptional or compelling circumstances given the expiration of the policy and the conclusion of the school year at the heart of this dispute.

¶18    In fact, in its finding that Shorewood relied on substantial evidence in implementing the masking requirement, the circuit court recognized the importance of the time to this claim and recognized the unique nature of the situation.  The circuit court stated, "Perhaps the prevailing view has changed, perhaps not.…  [T]he landscape has arguably shifted somewhat since the pandemic began[.]"  The circuit court continued, "Perhaps knowing what we know now, a different or more flexible policy would be adopted[.]"  Furthermore, DPI itself concedes that the support that Shorewood had for its 2021 to 2022 policy was specific to the understanding of COVID-19 at the time, and "whether Shorewood had support for that policy would not affect whether Shorewood has support for a new policy."  Thus, we conclude that none of the exceptions to mootness apply in this case.

¶19    Accordingly, for the reasons stated, Riffard's appeal is dismissed as moot.

> *By the Court.*—Appeal dismissed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.