JOHN A. BATCHELOR, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, Department No. 4, Respondent.

No. 5007

December 6, 1965
408 P.2d 239

*Babcock & Sutton,* of Las Vegas, for Petitioner.

*Denton, Monsey & Rogers,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

By an original proceeding in certiorari John A. Batchlor, city councilman and mayor of Boulder City, Nevada, contends that the Eighth Judicial District Court exceeded its jurisdiction in declaring valid a petition for his recall and ordering the Boulder City clerk to proceed with a special recall election. We have concluded that the lower court acted within its authority and, therefore, dismiss this proceeding.

A verified petition for the recall of Batchelor as city councilman of Boulder City was filed with the city clerk on September 10, 1965. The petition consisted of a number of copies, identical in form with the original, except for the signatures and residence addresses of the signers. NRS 306.030. Complying with the mandate of NRS 306.040(1), the city clerk caused publication of a notice of hearing on the petition by the district court. The court hearing was held and at the conclusion thereof the court ruled that the recall petition was sufficient and valid, and instructed the city clerk to issue a call for a special election. NRS 306.040(2). Batchelor's contention that the district court exceeded its jurisdiction in so ruling rests upon the premise that the recall petition is fatally defective in two respects: First, because it was verified as having the correct number of signatures of electors who voted in the last *general* election, whereas, for statutory compliance, the verification should have specified electors voting in the *municipal* election wherein Batchelor was last elected; Second, because

the reasons designated for Batchelor's recall are not sufficient. In short, that the petition does not meet the requirements of NRS 306.020(1)(2).

1. Batchelor was elected to the office of councilman of Boulder City, Nevada at the 1963 municipal election. The printed petition for his recall contained the following statement: "We, the undersigned electors of the City of Boulder City, County of Clark, State of Nevada, who voted in the last general election held in said city on the 3rd day of November, 1964, at which a justice of the supreme court was elected for a 6-year term * * *"; and the verification of one of the signers stated, in part: "that each signer at the time of signing declared himself to be and was an elector of the City of Boulder City, who voted in the last general election held in said city on the 3rd day of November, 1964, at which a justice of the supreme court was elected for a 6-year term."

Nevada Constitution, Art. 2, § 9, provides in pertinent part: "Every public officer * * * is subject * * * to recall from office by the qualified electors of the * * * municipality, from which he was elected. For this purpose not less than twenty-five per cent (25%) of the qualified electors who vote in the * * * municipality electing said officer, at the preceding election, for justice of the supreme court, shall file their petition, in the manner herein provided, demanding his recall by the people. * * *" As applied to this case we read the constitutional language to require the recall petition to be signed by not less than 25 percent of the qualified electors of Boulder City who voted at the last general election for a Supreme Court justice. The quoted language of the instant petition precisely meets the constitutional requirement in this respect. Though the statutory language,[1] NRS 306.020(1), strays somewhat from the

---

[1]"For the purpose of recalling any public officer, there may be filed with the officer with whom the petition for nomination to such office is required by law to be filed a petition signed by electors who voted in the state, or in the county, district or municipality electing such officer, equal in number to 25 percent of the votes cast in the state, or in the county, district or municipality, for the 6-year term as justice of the supreme court at the last preceding election."

constitutional language, it does not carry a different meaning nor impose a different requirement. The two are wholly compatible, and neither suggests, as the petitioner contends, that the recall petition must be signed by 25 percent of the qualified electors who voted at the municipal election at which the official sought to be recalled was elected. Accordingly, we find Batchelor's first challenge to the recall petition unsound.

2. The Constitution, Art. 2, § 9, and statute NRS 306.020(2), each requires the recall petition to set forth reasons why recall is demanded in 200 words or less. The full statement of the instant petition is footnoted.[2] It is specific and clear—"That John A. Batchelor has lost the respect and confidence of the great majority of the citizens of Boulder City, Nevada, in that the manner in which he contrived to discharge the City Manager of said city violated the concept of fairness held by a majority of such citizens." We consider that expression to satisfy the constitutional and statutory mandate. Wallace v. Tripp, 358 Mich. 668, 101 N.W.2d 312; Westpy v. Burnett, 82 N.J. Super. 239, 197 A.2d 400 (where a statute imposed the additional requirement that the reason be "for a cause connected with his office"); contra, Joyner v. Shuman, Fla.App., 116 So. 2d 472; see also Annot., 106 A.L.R. 555, at 564. In so ruling we do not mean to imply that the statement of reasons called for by the constitution and statute demand specificity, or the appearance of a "good" reason

---

[2]"The reasons why said recall is demanded are as follows: We, being ever mindful of the obligation of a public official to always conduct the public business in a manner of absolute fairness and impartiality, and being mindful as well that when a public official fails to so conduct such business, a reflection is cast not only upon himself but all of the members of the public which he serves, do believe that John A. Batchelor has lost the respect and confidence of the great majority of the citizens of Boulder City, Nevada, in that the manner in which he contrived to discharge the City Manager of said city violated the concept of fairness held by a majority of such citizens. That, having lost the confidence of such citizens as aforesaid, his continuance in office is against the best interests of the City of Boulder City and in opposition to the wishes of the great majority of its citizens."

or cause for removal; nor need such statement suggest misfeasance, nonfeasance or malfeasance. All that is demanded is that "the" reason be stated. The merit of that reason as ground for removal is for the electorate to determine, not the court. The reason, in whatever manner expressed, presents a political issue for resolution by vote, not a legal question for court decision. "All political power is inherent in the people. Government is instituted for the protection, security and benefit of the people; and they have the right to alter or reform the same whenever the public good may require it." Nevada Constitution, Art. 1, § 2. In theory, a public officer need not fear recall if the reason given therefor is frivolous. In such case the required number of signatures on the petition to force an election should not be obtained and, if perchance, the required number of signatures is obtained, an intelligent, informed electorate reading the reason printed on the ballot as required, will not vote to recall him. Our governmental scheme dignifies the people; a treasured heritage, indeed. The provision for recall is but one example. We shall not intrude upon the people's prerogative.

By reason of the emergent situation, this court on November 22, 1965, made its decision orally from the bench (after a brief recess, following oral arguments), denying the writ and dismissing the proceedings, reserving its right to file a written opinion later. The foregoing opinion is filed in accordance therewith. The writ is denied, and the proceedings dismissed.

BADT, J., and ZENOFF, D. J., concur.