James Robert BRANT, Plaintiff,

v.

Sanger B. POWERS, Defendant.

No. 71–C–342.

United States District Court,
W. D. Wisconsin.

March 9, 1972.

James Robert Brant, pro se.

Mary V. Bowman, Asst. Atty. Gen., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for monetary and injunctive relief. Plaintiff has been granted leave to proceed *in forma pauperis*. Jurisdiction is claimed under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.

In his complaint, plaintiff alleges that he is presently incarcerated in the Wisconsin State Prison; that on or about September 22, 1970, the Hon. Bryan B. Conway, Wood County Family Court Branch # 1, issued a writ of habeas corpus to be served upon the warden of the Wisconsin State Prison, commanding him to deliver plaintiff to the Wood County Family Court on October 5, 1970, in order to testify in the case of Brant v. Brant, a divorce action in which plaintiff was named as the defendant; that by order of defendant Powers, plaintiff was not permitted to leave the prison to testify in the divorce action; that the stated reason for defendant Powers' action was plaintiff's inability to pay in advance the cost of transportation and the cost of wages for the necessary prison guards; that as a result of defendant's action, plaintiff did not appear to testify in the divorce action brought against him; and that as a result of plaintiff's failure to appear, a default judgment was rendered against him in the Wood County Family Court on October 5, 1970.

Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. In support of his motion, defendant contends that his actions were based upon the prison's "prepayment policy" with respect to the costs of court appearances by prisoners who are summoned to testify in civil actions; that this policy is a "reasonable and valid means of implementing a valid statute"; and that it "does not deprive the plaintiff of any constitutional right."

The statute upon which the "prepayment policy" is based is Section 292.45(1), Wis.Stats., which provides that:

"If an inmate of any public institution is brought into court in response to a writ of habeas corpus ad testificandum or ad prosequendum or subpoena, the institution shall be reimbursed for the time of the officer conducting such inmate and the actual and necessary traveling expenses . . . by . . . the county treasurer, . . . *provided, that in a civil action, such expenses shall be paid by the party requesting the presence of such inmate*" (Emphasis added.)

Defendant admits that "the statute says nothing about the prepayment of these expenses," but states that in requiring prepayment he relies on a 1935 opinion of the Wisconsin Attorney General, which advises prison administrators to collect the costs in advance from "the party requesting the presence of . . . [the] inmate." Defendant does not dispute that in the case at bar, plaintiff requested his own presence, was unable to prepay the costs of his appearance, and was therefore foreclosed by the prison's "prepayment policy" from appearing in his own defense at the divorce action brought against him.

In Boddie v. State of Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), welfare recipients challenged certain state procedures for the commencement of litigation, including requirements for payment of court fees and costs for service of process, that restricted their access to the courts to commence actions for divorce. A three-judge federal court granted the State's motion to dismiss the complaint for failure to state a claim. On appeal, the United States Supreme Court reversed the lower court judgment, concluding that:

"[g]iven the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship,

due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages." 401 U.S. 371, 374, 91 S. Ct. 780, 784.

This conclusion was stated to rest upon the well-settled principle of due process that "absent a countervailing state interest of overriding significance, persons forced to settle their claims . . . through the judicial process must be given a meaningful opportunity to be heard." *Supra*, 377, 91 S.Ct. 785.

In *Boddie*, plaintiffs were persons prevented by their indigency from suing as plaintiffs for divorce. In the present case, the plaintiff-prisoner is a person allegedly prevented by his indigency from defending a divorce action brought against him in a state court. In *Boddie*, the Court emphasized that the due process clause clearly protects access to the court to defend a lawsuit which another has chosen to commence. *Supra*, 375, 376, 380, 91 S.Ct. 780. It treated as central whether the opportunity to sue for divorce as a plaintiff was sufficiently "akin" (*supra*, 376, 91 S.Ct. 780) to the opportunity to defend so as to require constitutional protection to the would-be plaintiffs.

Defendant claims that "the indigence of the plaintiff in *Boddie* was not a direct result of her own actions; whereas the plaintiff in this case has lost his freedom and earning power as a result of his own conduct—that is, the commission of the crime for which he is presently incarcerated." In *Boddie*, the Court undertook no inquiry into the causes of appellants' indigency; for purposes of that opinion, it was apparently sufficient that the appellants had satisfactorily alleged their indigence. Plaintiff here has satisfactorily pleaded his indigence. If we viewed this present case as if the state court had denied access to a defendant in a divorce action for the reason that he was unable to pay a court fee for the opportunity to defend, there would be no occasion to inquire whether medical reasons, profligacy, alcoholism, or imprisonment is the cause of his inability to pay. In this respect, the fact that one has found his way into prison by committing a crime is indistinguishable from the fact that another has lost his money at the gambling tables.

However, the present case differs from *Boddie* in this respect: it is not the state divorce court which is closing its doors to a defendant, but rather the state division of corrections which is physically restraining him from reaching the court's door. There is no suggestion that to prevent a prisoner from appearing in a divorce court to defend himself is an appropriate sanction to deter future criminal conduct, or an appropriate rehabilitative measure, or a regulation necessary to the internal life of the prison.[1] The interest of the division of corrections is simply budgetary. I pass over the implications of all this in terms of the due process clause of the Fourteenth Amendment. Clearly there is present a denial of the equal protection of the laws. Among the members of a class of prisoners who are defendants in divorce actions in Wisconsin courts, some are released to travel to the divorce court and others are not. The distinction between the two subclasses is that the members of one subclass can pay in advance the cost of transportation to the divorce court and the cost of the guards for the trip. The members of the other subclass cannot afford the prepayment. This distinction is constitutionally impermissible.

Accordingly, for the reasons stated above, it is hereby ordered that defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be warranted is denied.

---

1. If this were so, non-indigent prisoners would also be barred from making court appearances.