MATTER OF RECALL OF DELAFIELD CITY OFFICIAL: MUEL-LER, Appellant, v. JENSEN, City Clerk, and another, Respondents.

*No. 403. Argued April 1, 1974.—Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 277.)

For the appellant there was a brief and oral argument by *Thomas A. Hauke* of Milwaukee.

For the respondents there was a brief and oral argument by *Clayton A. Cramer* of Waukesha.

CONNOR T. HANSEN, J. This appeal was advanced on the calendar of this court pursuant to sec. 9.10 (4) (a), Stats. However, on February 14, 1974, the respondent moved to dismiss the appeal as moot because a general election would be held on April 2, 1974, for the position held by Alderman Grade. The argument was that there would be insufficient time within which to hold a recall election pursuant to sec. 9.10 (4) (a) prior to the general election. We denied the motion to dismiss. On appeal, respondent again urges that the appeal be dismissed because the issue presented is moot. The election has been held and as to Alderman Grade the issue presented is, of course, moot. However, we decline to dismiss the appeal on these grounds.

As a general rule, an appeal will be dismissed if the right in the controversy has expired by lapse of time. However, the great weight of authority [1] supports the proposition that an appellate court may retain an appeal

---

[1] Annot. (1941), *Public interest as ground for refusal to dismiss an appeal, where question has become moot, or dismissal is sought by one or both parties,* 132 A. L. R. 1185; 5 Am. Jur. 2d, *Appeal and Error,* p. 210, sec. 768.

for determination if it involves questions of public interest even though it has become moot as to the particular parties involved. *Carlyle v. Karns* (1960), 9 Wis. 2d 394, 101 N. W. 2d 92; *Wisconsin Employment Relations Board v. Allis-Chalmers Workers' Union* (1948), 252 Wis. 436, 31 N. W. 2d 772, 32 N. W. 2d 190; *Doering v. Swoboda* (1934), 214 Wis. 481, 253 N. W. 657. The issue presented is of sufficient public character, interest and significance that we will consider the issue presented.

The issue presented is whether this particular petition for recall, and the evidence adduced at the hearing, showed "good and sufficient reasons," as required by sec. 9.10 (4) (a), Stats., to support the issuance of a certificate ordering a special election.

This case presents a different factual situation than *Beckstrom v. Kornsi.*[2] In *Beckstrom v. Kornsi,* the appellant sought to disprove the allegations in circuit court. The trial judge determined that the allegations of the recall petition were sufficient; that the issues presented were political and not judicial; and, therefore, declined to entertain proof as to the truth or falsity of allegations and issued a certificate ordering a recall election.

In the instant case, Grade contended that the allegations of the petition were not "good and sufficient reasons" for the holding of a recall election. The trial court exercised the discretion vested in it by sec. 9.10 (4) (a), Stats., and proceeded to take testimony. However, our decision in this case does not stand for the proposition that the court must entertain proof and determine whether the allegations are true. This appeal is concerned with the trial court's interpretation of "good and sufficient reasons" under sec. 9.10 (2) (a) and (4) (a).

Sec. 9.10 (2) (a), Stats., provides as follows:

"(2) (a) The preparation and form of the recall petition shall be governed by s. 8.15. In addition, a recall peti-

---

[2] Post, p. 375, 217 N. W. 2d 283.

tion for a city office shall contain a specific statement of good and sufficient reason upon which removal is sought."

The municipal clerk verifies the eligibility of the respective petition signers and circulators, certifies thereto, and transmits the petition to the circuit court. The circuit court must determine by hearing whether the petition states good and sufficient reasons for the recall and may take testimony in respect to the petition.

Sec. 9.10 (4) (a), Stats., provides:

"(4) (a) For the recall of any city official, the municipal clerk shall verify the eligibility of the respective signers and circulators, shall certify thereto and shall transmit the petition to the clerk of circuit court within 10 days of the filing date. The circuit court within 10 days after receipt of the petition shall determine by hearing whether the petition states good and sufficient reason for the recall. The clerk of circuit court shall notify the incumbent of the hearing date. The person subject to recall and the petition circulators may appear by counsel and *the court may take testimony with respect to the recall petition.* If the circuit court judge determines the grounds stated in the petition and proof offered at the hearing show good and sufficient reasons for recall, the judge shall issue a certificate directing the common council to hold an election under this section. If the reasons are found insufficient or do not show good cause, issuance of the certificate shall be denied. Any party aggrieved by the circuit court determination may appeal to the supreme court within 10 days following the circuit court determination by filing a notice of appeal with the clerk of the supreme court. An appeal under this section shall have preference on the supreme court calendar. The appeal shall stay enforcement of a certificate issued by the circuit court until the supreme court determines the appeal." (Emphasis supplied.)

Since legislative intent is obviously important in this case, the recall provisions have been traced through the years.

In 1911, the Wisconsin Legislature created ch. 635, sec. 1 (which subsequently became sec. 10.44, Stats.) providing for the removal of city officers. In part, that provision read as follows:

". . . Any city officer holding an elective office, whether by election or appointment, may be removed at any time after he has actually held office for six months. . . . [the] petition shall contain a general statement of the grounds upon which the removal is sought, . . ."

The city clerk was required to determine the sufficiency of the petition and, upon finding it to be sufficient, submit it to the council for an election.

In 1915, the legislature amended the law to require, among other things, a *specific* statement of the grounds in the petition upon which removal of a city official was sought. (Laws of 1915, ch. 583, sec. 1, amending sec. 10.44 (1), (3) and (4), Stats.) Also, the county judge was made responsible for determining the sufficiency of the petition.

In 1926, art. XIII, sec. 12, of the Wisconsin Constitution, was created to insure the right of the electors of any state or county or of any congressional, legislative or judicial district to recall any elective officer. The recall of city officials is not covered by this amendment.

In 1933, sec. 6.245, Stats., was created to facilitate the operation of that constitutional amendment as to public officials therein specified. (In 1949, the legislature deleted the requirement of sec. 6.245 which required a *specific* statement of grounds in a petition seeking recall, presumably because it was an unconstitutional limitation on the right of recall, Laws of 1949, ch. 634, sec. 1. *See:* 37 Op. Atty. Gen. (1948), 91.)

However, sec. 6.245, Stats. 1949, did not govern the recall of city officials. Sec. 6.245 (7) provided that "[t]he purpose of this section is to facilitate the operation of section 12, article XIII, of the constitution."

Recall elections concerning city officials were governed by sec. 10.44, Stats. 1933. Sec. 10.44 (1), Stats. 1933, provided for recall petitions ". . . containing a specific statement of the grounds upon which the removal is sought. . . ."

Various amendments, not pertinent to this appeal, were enacted through the years. However, in 1961, sec. 10.44 (1), (3) and (4), Stats., governing the recall of city officials, was repealed and re-created. (Laws of 1961, ch. 385.) At this time the legislature added the requirement that the recall petition for an elective city official contain a specific statement of good and sufficient reasons upon which removal was sought. It was also provided that the circuit court determine ". . . whether or not the petition states good and sufficient reason for the recall of the incumbent," and "[i]f such reasons are found insufficient or do not demonstrate good cause, the issuance of a certificate shall be denied. . . ."

In 1967, the Wisconsin election laws were reorganized. (Laws of 1965, ch. 666, sec. 1, effective July 1, 1967.) At this time the provisions for the recall of elective officials under sec. 6.245, Stats. (covering state, county, etc., and facilitating the operation of art. XIII, sec. 12) were combined with the provisions for the recall of city officials under sec. 10.44, and both were covered by sec. 9.10. City officials were specifically covered by sec. 9.10 (4) (a). The Legislative Council Note, 1965, explains sec. 9.10, in part, as follows:

"Sub. (2) (a) is a restatement of ss. 6.245 (2) (1st sentence) and 10.44 (1) (1st sentence, in part) and (2) (1st sentence).

". . .

"Sub. (4) (a) is based on ss. 10.44 (1) (2nd and 3rd sentences) and 10.44 (3). . . ." (*See:* Comment following sec. 9.10, Stats. 1967. Bill No. 755–A.)

On the subject of recall in general, an authority in municipal law has recognized as follows:

"Under statutes and charters authorizing the recall of municipal officers, courts have rather frequently concluded that the grounds stated in recall petitions were insufficient to invoke the recall election machinery. Such courts have demanded that the acts of the officers sought to be recalled must have amounted, in effect, to misfeasance, malfeasance or nonfeasance in office, and amount to something more than mere disagreement on matters of policy. Thus the Minnesota Court has indicated recall is not permitted where the petitions indicate only political criticism and not malfeasance or nonfeasance in office. There is a contra view and here recall is deemed a political question so that the courts will not pass upon the sufficiency of the charges in the petition." 3 Antieau, *Municipal Corporation Law,* pp. 288.62, 288.63, sec. 22.25.

The recall of an elective city official will be governed by the applicable laws in the particular jurisdiction. (*See Westpy v. Burnett* (1964), 82 N. J. Super. 239, 197 Atl. 2d 400, pointing out the different recall provisions of several states.)

"What a recall petition must contain, and the method of the determination of its sufficiency is to be tested, of course, by the meaning of the applicable local law, and such local laws vary in many respects. . . ." 4 McQuillin, *Municipal Corporations* (1968 rev. 3d ed.), p. 313, sec. 12.251b.

"The reasons or grounds for the recall of the officer must be stated and may relate to reasons which are purely political in nature or according to the minority view, to competency or official conduct in the office, the general rule being, apparently, that the grounds stated are sufficient if they do so relate. In jurisdictions in which political reasons may be grounds for recall, it is immaterial whether the officer is charged with misfeasance, malfeasance, or nonfeasance in office. In some jurisdictions, however, it is held that the charges, grounds, or reasons given for the recall must be more than disagreement with matters of policy, and must, in effect, constitute misfeasance, malfeasance, or nonfeasance in office. However, the charges must sufficiently set forth a violation of some duty to the electorate which could be sufficiently identi-

fied for the electorate to determine the truth or falsity of the charge. . . ." 4 McQuillin, *Municipal Corporations,* pp. 314, 315 (and Cum. Supp. p. 37), sec. 12.251b.

In *Batchelor v. District Court* (1965), 81 Nev. 629, 408 Pac. 2d 239, 241, the court pointed out that the applicable state constitutional and statutory provisions governing recall required only that "the" reason be stated in the petition. The petition alleged that the mayor had lost the respect and confidence of the great majority of the citizens of the city because of the manner in which he had discharged the city manager. The court held as follows:

". . . The merit of that reason as ground for removal is for the electorate to determine, not the court. The reason, in whatever manner expressed, presents a political issue for resolution by vote, not a legal question for court decision. . . ." *Batchelor, supra,* page 633.

A recall on that basis is to be distinguished from recall for cause. Thus, in *Westpy v. Burnett, supra,* pages 241, 242, the law required that a recall petition " '. . . shall set forth *a statement of the cause upon which the removal is sought.*' " In *Westpy, supra,* an elective officer was subject to removal " '*for cause connected with his office,* . . . ' "

The Washington concept of recall represents a different position:

"Sufficient grounds for recall of an elective public officer of this state are the commission of an act or acts of malfeasance or misfeasance while in office, or a violation of the oath of that office. . . ." *Bocek v. Bayley* (1973), 81 Wash. 2d 831, 836, 505 Pac. 2d 814, 817.

Thus, there is a wide variety of reasons for recall. In each instance, depending upon the particular statute and the judicial interpretation of that statute, the grounds for recall in the various jurisdictions range from any reason to malfeasance.

We have not found, nor has our attention been directed to, any recall statute in any jurisdiction which contains language comparable to the Wisconsin statute.

In Wisconsin, a petition for the recall of a city official must ". . . contain a specific statement of good and sufficient reason upon which removal is sought." Sec. 9.10 (2) (a), Stats. The appellant in the instant case argues that "good cause" need not be shown in order to recall a city official. We agree. We are of the opinion that the legislature required good and sufficient reasons for a recall in order to insure the fact that a city official would only be subject to a recall election for actions directly related to his official duties and which actions have proven to be politically unpopular with a significant percentage (25 percent) of the voters. Such an interpretation is in keeping with the spirit of art. XIII, sec. 12 of the Wisconsin Constitution, and sec. 9.10 (7). ("The purpose of this section is to facilitate the operation of article XIII, section 12, of the constitution and to extend *similar* rights to city electors." (Emphasis supplied.) Sec. 9.10 (7).) The respondent, Grade, was charged with conduct specifically relating to his official duties and this conduct is unacceptable to a large number of his constituents. Thus, even though they are political reasons, such allegations must be deemed sufficient to warrant a special election.

Reasons which are wholly frivolous and inconsequential are not good and sufficient reasons. To constitute good and sufficient reasons the recall petition must set forth reasons related to official duties with sufficient specificity to give notice to the official so that he can respond to the electors.

We are of the opinion that the legislature intended "good and sufficient reasons" and "good cause," both as used in sec. 9.10 (4) (a), Stats., to be synonymous. The statute provides, ". . . If the reasons are found insuffi-

cient or do not show good cause, issuance of the certificate [by the court] shall be denied. . . ." This is the only place in sec. 9.10 that "good cause" appears. Therefore, we conclude that it was intended that in this particular statute the terms were used synonymously.

Generally, statutory provisions relating to recall are liberally interpreted in favor of the electorate.[3] The power granted to an electorate to remove certain elected officials through recall procedure is political in nature and it is for the people and not the courts to decide the merits of the reasons stated in the petition.

We believe the legislature, in the enactment of the recall procedures for municipal officials, has established safeguards so that such officials will not be vexed with recall petitions. The requirement that at least 25 percent of the electors of the vote cast for the office of governor at the last election in the district insures the official that he will not have to defend his policies against frivolous attacks launched by a small percentage of disenchanted electors. The fact that the recall petition must state reasons directly related to his official duties with sufficient specificity so that the official can respond to them to the electors also creates a responsive relationship between the official and electors. Also, *sec. 9.10 (6), Stats.*, provides that after one recall petition and election, no further recall petition shall be filed against the same official during the term for which he was elected.

A certificate should have been issued in this case directing the holding of a special election.

*By the Court.*—Order reversed.

---

[3] *In re Bower* (1968), 41 Ill. 2d 277, 242 N. E. 2d 252.