STATE EX REL. James SYKES, Petitioner,

v.

CIRCUIT COURT FOR MILWAUKEE COUNTY, BRANCH 9,
Honorable Robert M. Curley, presiding,
Respondent-Petitioner.

Supreme Court

*No. 81–2249–W. Submitted on briefs October 6, 1982.—Decided
November 2, 1982.*

(Also reported in 325 N.W.2d 720.)

For the respondent-petitioner the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Albert Harriman,* assistant attorney general.

Amicus curiae brief was filed by *Frank J. Remington* and *Mary M. Stevens,* supervising attorneys, for Legal Assistance to Institutionalized Persons Program, Madison.

WILLIAM G. CALLOW, J. This is a review of an order of the court of appeals granting a supervisory

writ which directed Milwaukee county circuit court Judge Robert M. Curley to remove certain conditions from a writ of habeas corpus ad testificandum.

When this action was initiated, James Sykes was an inmate at the Waupun Correctional Institution. He obtained a writ of habeas corpus ad testificandum from the circuit court so that he could attend a divorce trial in which he was the defendant. Pursuant to sec. 782.45, Stats., the court conditioned the writ upon Sykes' prepayment of the transportation and security costs for his trip. Alleging that he was indigent, Sykes petitioned the court of appeals for a supervisory writ to remove the prepayment condition. The court of appeals granted the supervisory writ, affording Sykes the relief requested. Sykes was subsequently transported without cost to the divorce proceeding. Sometime thereafter, the state sought review of the decision and order of the court of appeals.

The issue presented for review is whether it is a denial of equal protection to require an indigent inmate-respondent in a divorce action to prepay the costs of transportation and security as a condition of a writ of habeas corpus ad testificandum for his or her final hearing.

Our investigation of the facts indicates that this case is moot. The purpose of the supervisory writ was fulfilled and final judgment was subsequently entered in the underlying case. Therefore, no action by this court could have any practical legal effect upon this controversy.

We have held that "[m]oot cases will be decided on the merits only in the most exceptional or compelling circumstances." *Racine v. J-T Enterprises of America, Inc.,* 64 Wis. 2d 691, 702, 221 N.W.2d 869 (1974). We find no exceptional or compelling circumstances in the instant case. Accordingly, we dismiss this review on grounds of mootness.

*By the Court.*—The review of the order of the court of appeals is dismissed.

STEINMETZ, J. *(concurring).* While I agree with the majority that this case is moot, this court has stated "an appellate court may retain an appeal for determination if it involves questions of public interest even though it has become moot as to the particular parties involved." *Mueller v. Jensen,* 63 Wis. 2d 362, 366–67, 217 N.W.2d 277 (1974). Where an issue has been raised that is likely to arise again, it should be resolved by this court to avoid further uncertainty. *Fine v. Elections Board,* 95 Wis. 2d 162, 166, 289 N.W. 2d 823 (1980). I believe that a consideration of sec. 782.45, Stats., by this court is needed to inform trial judges of the constitutional parameters of requiring an indigent inmate to prepay the costs of security and transportation as a condition of a writ of habeas corpus ad testificandum.

Sec. 782.45 (1), Stats., reads:

"782.45 **Witness fees, inmates of state institutions.** (1) If an inmate of any public institution is brought into court in response to a writ of habeas corpus or subpoena, the institution shall be reimbursed for the time of the officer conducting the inmate and the actual and necessary traveling expenses incurred in taking the inmate into court on the process and returning the inmate to the institution. The superintendent of the institution shall file with the clerk of the court a statement of the expenses. The clerk shall certify the expenses to the county treasurer, who shall pay to the superintendent of the institution the amount so certified, but in a civil action, such expenses shall be paid by the party requesting the presence of the inmate."

I would hold that when an inmate's presence is found to be necessary, as determined by the trial court through a balancing test, then the trial court should consider various alternatives to enable him or her to appear. I

base this on the constitutional guarantee of equal protection as stated in the Fourteenth Amendment.[1]

The trial court would have at least the following options:

(1) allow the petitioner to pay for the respondent's appearance;

(2) allow for the transportation expenses to be deducted later from the settlement of the marital assets;

(3) order continuance until the respondent is released from the correctional system;

(4) charge the county for the expense incurred by the respondent;

(5) appoint an attorney to represent the respondent in the matter;

(6) determine whether depositions can be taken to be used at trial or hearing.

The balancing test to be applied by the trial court consists of weighing the interests of the inmate in being able to appear in court against the state's interest in avoiding the expense and risk of transporting a prisoner to court. This balancing test has been developed and discussed in *Matter of Warden of Wisconsin State Prison*, 541 F.2d 177 (7th Cir. 1976), narrowing the principle of *Brant v. Powers*, 339 F. Supp. 65 (W.D. Wis. 1972).

I am authorized to state that Mr. JUSTICE LOUIS J. CECI joins this concurring opinion.

---

[1] Art. XIV, sec. 1 of the United States Constitution provides in part:

"Section 1. . . . No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."