REQUESTED BY: Senator Don Wesely Nebraska State Legislature 808 State Capitol Lincoln, Nebraska 68508
Dear Senator Wesely:
You have indicated that you are considering proposing legislation which would prohibit an individual who is an elected official or a person appointed to an elective office from being appointed anew to his position after he has been removed from that position pursuant to a recall election. You first ask whether or not such legislation is necessary, and secondly, whether or not in our opinion your proposal would be constitutional.
The process of recall in Nebraska and the procedure for filling the vacancy thereby created is peculiar to the particular office and varies considerably. For example, the recall procedure for city council members of the metropolitan class includes the naming of a successor in the recall petition itself and specifically provides that if the recall effort is successful, a subsequent election will be held at which the removed council member may be a candidate to succeed himself. Neb.Rev.Stat. § 14-209 (1982 Supp.). This procedure is essentially the same for city council members in a commission form of government. Neb.Rev.Stat. § 19-424
(Reissue 1977).
However, in cities with a city manager form of government vacancies created by recall pursuant to Neb.Rev.Stat. 19-628
(Reissue 1977) are filled by appointment. Neb.Rev.Stat. § 19-1614 (Reissue 1977). On the other hand, city council members from cities or villages other than those specified above can be removed by recall pursuant to Neb.Rev.Stat. § 19-4201 (1982 Supp.) and any vacancy created thereby is filled either by appointment or by a special election at the option of the mayor and the board members. Neb.Rev.Stat. § 32-4,152 (1982 Supp.). County officers can be removed by recall pursuant to Neb.Rev.Stat. § 23-2010
(1982 Supp.) and vacancies created thereby are filled by appointment. Neb.Rev.Stat. § 23-2010.07 (1982 Supp.).
Provision for the removal of officers in metropolitan water districts is found in Neb.Rev.Stat. § 14-1033 (Reissue 1977) and provides that they shall be recalled through the use of `any general laws of the state pertaining to . . . recall.' It is unclear what is meant by `any general laws' inasmuch as there appear to be no general laws on recall but rather simply those pertaining to the office in question.
Other specific provisions for particular officers are found elsewhere within the statutes, i.e., school boards. Neb.Rev.Stat. §§ 79-547.01, 79-605 (1982 Supp.); Public Power Districts, § 70-618 (Reissue 1981).
Turning then to the questions you raise, it would appear as though some legislative clarification in this area would be desirable. More specifically you inquire as to whether or not under Nebraska law an office holder who is removed by recall may be appointed to the position from which he has just been recalled. It would appear that at least in some instances set out above, provision for such is specifically provided. We would therefore be of the opinion that at least with respect to those specific instances, if the Legislature wished to prohibit the appointment of a recalled official that they should do so by specific legislative act. We make this suggestion based upon the fact there are no Nebraska Supreme Court cases of which we are aware directly relating to the question of whether or not a recalled office holder can be appointed to succeed himself. There is, however, a body of law from other jurisdictions which suggests that recall is for the duration of the unexpired term. Recall Bennett Committee, et al. v. Bennett,et al., 249 P.2d 279 (1952).
We do believe there is a difference between prohibiting a recalled official's being appointed anew to the position from which he has been recalled and prohibiting him from seeking election to this office either at an election held pursuant to the recall process itself or at some subsequent election. It has been held that statutory provisions related to recall elections are to be liberally interpreted in favor of the electorate. In Re Recall of Certain Officials,217 N.W.2d 277 (1974), In Re Bower, 242 N.E.2d 252
(1968). Also, it should be noted that the right of a candidate to seek office has never been afforded fundamental status as the right to vote has been by the United States Supreme Court. See Bullock v. Carter, 405 U.S. 134
(1972).
Therefore, while prohibiting a recalled office holder's reappointment may promote the interest of the electorate, prohibiting that same recalled official from seeking reelection may do just the opposite by frustrating the people's right to vote since the possibility remains that in a subsequent election the recalled official might appear to the voters to be the most desirable candidate. It would appear therefore that the electorate's right to vote would be impinged upon if he were not allowed on the ballot.
Also in this regard the California Supreme Court, after analyzing the various United States Supreme Court decisions on point concluded that a California provision preventing a recalled official from running for the same office within a year after his ouster is unconstitutional. De Bottari v.Melendez, 119 Cal.Rptr. 256 (1975).
Turning then to your proposal, it would appear as though since it would only prohibit the reappointment of a recalled official and would not prohibit that official's seeking the office at a subsequent election, that such a provisions would not conflict with the public's right to vote and would not unduly restrict any rights possessed by the recalled candidate since the right to be a candidate is not constitutionally fundamental.
Since, however, specific statutory provisions are given preference over general provisions, we do suggest that you may wish to consider incorporating such a prohibition within each existing section dealing with the recall of specific offenses.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General