IN the MATTER OF the RECALL OF Judy A. HAASE: Judy A. HAASE, Appellant,

v.

Arthur ANGOVE, New Berlin School Board Clerk, and New Berlin Citizens for Education, Respondents.

IN the MATTER OF the RECALL OF Raymond J. SELL, Appellant,

v.

Arthur ANGOVE, New Berlin School Board Clerk, and New Berlin Citizens for Education, Respondents.

Court of Appeals

*No. 83–2255. Submitted on briefs April 30, 1984.—Decided June 6, 1984.*

(Also reported in 353 N.W.2d 821.)

For the appellants, the cause was submitted on the briefs of *Roger C. Pyzyk of Schmus, Panosian & Pyzyk,* of West Allis.

For the respondent Arthur Angove, New Berlin School Board Clerk, the cause was submitted on the brief of *Michael J. Spector of Quarles & Brady,* of Milwaukee.

For the respondent, New Berlin Citizens for Education, the cause was submitted on the brief of *John Q. Kamps,* of Waukesha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. Judy A. Haase and Raymond J. Sell appeal from orders directing the New Berlin School Board to hold recall elections for their school board seats. They argue that the recall elections are barred because the recall petitions were inappropriately certified to the circuit court by the school district clerk and that an insufficient number of valid signatures was obtained for the recalls due to the failure of some notaries to indicate the expiration date of their commission on a significant number of petitions. We dismiss Sell's appeal for mootness and affirm the order for Haase's recall election.

In October 1983, the New Berlin Citizens for Education began a recall effort against school board members Haase and Sell. Haase's current term expires in April 1985. Sell was up for re-election in the spring general election of April 1984.

The recall petitions gathered by the New Berlin citizens group were filed with the New Berlin School Board Clerk, Arthur Angove, who certified the petitions to the Waukesha county circuit court on November 10, 1983. The recall petitions for Haase numbered 300 pages and contained 3,432 signatures. The recall petitions for Sell also numbered 300 pages and contained 3,560 signatures. The parties stipulated that the number of signatures needed to initiate the recall of both Haase and Sell was 2,328.

Haase and Sell[1] moved to dismiss the recall petitions because the certification of the petitions to the circuit court was made by an inappropriate official and was faulty in concluding that the petitions contained a sufficient number of signatures. The circuit court denied the motion to dismiss and ordered the New Berlin School Board to hold recall elections for Haase and Sell pur-

[1] The parties stipulated at the commencement of the circuit court proceeding that the recall actions concerning Haase and Sell would be consolidated.

■

suant to sec. 9.10, Stats.[2] Haase and Sell appeal from these orders.

On appeal, Haase and Sell raise substantially the same arguments as brought before the circuit court. They argue that under sec. 9.10(4)(a), Stats., Angove was not the appropriate official to prepare and file the certification of the recall petitions with the circuit court. They also contend that the failure of certain of the notaries to affix the expiration date of their commission to a significant number of petitions invalidated a sufficient number of signatures to prevent the recall.[3] We disagree with these arguments.

■

As to Sell, we need not reach the merits of these arguments. Pursuant to sec. 902.01(2)(b), (3) and (6), Stats.,[4] we take judicial notice of the fact that he was

---

[2] Section 9.10, Stats., reads in pertinent part:

(1) The qualified electors of the state, of any county, city, village, town, or of any congressional, legislative, judicial or school district may petition for the recall of any elective official after the first year of the term for which the official is elected by filing a petition with the same official or agency with whom the petition for nomination to the office was filed demanding the recall of the officeholder. The petition shall be signed by electors equal to at least 25% of the vote cast for the office of governor at the last election within the same district or territory as that of the officeholder being recalled. If at the last election any group of candidates were voted for in common to fill 2 or more offices of the same designation, the required number of petition signers shall be equal to 25% of the number computed by dividing the total vote for that office by the number of offices filled jointly.

[3] The parties stipulated that with respect to the recall petitions of Haase and Sell, there were 1,516 and 1,572 signatures, respectively, obtained wherein the notaries failed to affix the expiration date of their commissions.

[4] Section 902.01, Stats., reads in relevant part:

(2) A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . (b) capable of accurate and

defeated in the *general* school board election on April 3, 1984. Notice is based on the records of the New Berlin School District, specifically, the official ballot and the statement of the board of canvassers which indicate that Sell was defeated in the election by David R. Brzakala. As this defeat in the general election makes the issues raised concerning the ordered recall election moot, we dismiss Sell's appeal. *See Milwaukee Police Association v. Milwaukee,* 92 Wis. 2d 175, 183, 285 N.W.2d 133, 137 (1979).

Because Haase's present term does not expire until April 1985, we do reach the merits of the arguments raised on appeal as they apply to her case. We affirm the circuit court's order directing a recall election of Haase.

■

As to the first argument, like the circuit court, we conclude that certification of the recall petitions by Angove, the school district clerk, was sufficient to meet statutory requirements despite the language of sec. 9.-10(4)(a), Stats., which provides that "the municipal clerk shall verify the eligibility of the respective signers and circulators, shall certify thereto and shall transmit the petition to the clerk of circuit court within 10 days of the filing date." We reach this conclusion based on statutory and public policy reasons.

We note in this regard that under sec. 5.02(10), Stats., "[w]here applicable, 'municipal clerk' also includes the clerk of a school district." Further, under sec. 9.10(1), Stats., the qualified electors of the school district are to file recall petitions with the same official with whom

---

ready determination by resort to sources whose accuracy cannot reasonably be questioned.

. . . .

(3) A judge or court may take judicial notice, whether requested or not.

. . . .

(6) Judicial notice may be taken at any stage of the proceeding.

the petition for nomination to the office was filed. Section 120.06(6), Stats., provides that written declarations of candidacy to the school board are to be filed with the school district clerk. *See also* sec. 8.10(6)(d), Stats.[5] We read these statutes in conjunction with sec. 5.02(10) to provide that the school district clerk in the situation of a recall election for a school board member is the appropriate official to certify recall petitions to the circuit court.

We find the public policy arguments offered by the respondents also persuasive on this issue. We agree that because many school districts incorporate multiple municipalities, the school district clerk is the logical official to certify the recall petitions, not each municipal clerk individually. In light of sec. 9.10(4)(a), Stats., which requires certification of the petitions to the circuit court within ten days of filing, logistics alone would indicate that the school district clerk should undertake this function. We also point out, in opposition to the appellant's argument, that the information necessary to validate the elector status of the signers is a matter of public record, and, therefore, it is as readily available to the school district clerk as to a municipal clerk.

■

As to the last issue raised by Haase on appeal, we take judicial notice under sec. 902.01(2)(b), (3) and (6), Stats., that the notaries' commissions in question were valid and in effect at the time of their notarization of the recall petitions. This notice is based on the public records in the secretary of state's office which indicate that the commissions of these notaries had not expired at the time that the elector signatures were obtained.

---

[5] Section 8.10, Stats., provides in relevant part:

(6) Nomination papers shall be filed:

. . . .

(d) For school district offices to be voted for within more than one municipality, with the person designated by the school board as the filing official for their school district.

We conclude that the failure of some of the notaries to include the expiration date of their commission is a technical defect which is insufficient, by itself, to defeat the intention of the electors. Sec. 5.01(1), Stats. Further, under sec. 9.10(2)(a), Stats., the preparation and form of the recall petitions is governed by sec. 8.15, Stats., which provides, in relevant part, that a candidate's nomination papers and sworn declaration are valid even without the seal impression of the authorized officer who administered the oath. Sec. 8.15(4)(b). We read this as a legislative intent to overlook insignificant technical defects so as to give effect to the will of the electorate. By analogy, we apply the same principle to the technical omission in the recall petitions in this case.

We note that the case relied on by the respondents, *Beckstrom v. Kornsi,* 63 Wis. 2d 375, 217 N.W.2d 283 (1974), in actuality supports the conclusion reached by this court. While alluding to the importance of complying with statutory requirements intended to safeguard the operation of recall procedures, the *Beckstrom* court, nevertheless, determined that where there has been substantial compliance with legally required procedures, a technical defect should not be permitted to defeat the will of the electorate. *Id.* at 387–88, 217 N.W.2d at 290–91. " 'A statute providing for recall should be liberally construed with a view to promote the purpose for which it was enacted . . . .' " *Id.* at 388, 217 N.W.2d at 291 (citation omitted).

We determine in this case that the recall petitions substantially complied with the requirements of the relevant recall statutes despite the failure of certain notaries to comply with sec. 137.01(4)(b), Stats.[6] Sec-

---

[6] Section 137.01(4)(b), Stats., provides:

All certificates of acknowledgments of deeds and other conveyances, or any written instrument required or authorized by law to be acknowledged or sworn to before any notary public,

tion 137.01(4)(b) refers to duties imposed on notaries, not to specific requirements for valid recall petitions. The form of recall petitions is governed by sec. 8.15, Stats., not by sec. 137.01(4)(b). Sec. 9.10(2), Stats. In light of the direction under sec. 5.01(1), Stats., that "[c]hapters 5–12 shall give effect to the will of the electors . . . notwithstanding informality or failure to fully comply with some of its provisions," we conclude that the failure of certain notaries to comply with the technical requirements of sec. 137.01(4)(b) is insufficient to invalidate the recall petitions. The refusal to give cognizance to this technical defect is further strengthened in this case by our taking judicial notice that the notaries' commissions were, in fact, valid at the time that the signatures were obtained.

*By the Court.*—Orders dismissed in part; affirmed in part.

within this state, shall be attested by a clear impression of the official seal or imprint of the rubber stamp of said officer, and in addition thereto shall be written or stamped either the day, month and year when the commission of said notary public will expire, or that such commission is permanent.