IN RE the RECALL PETITION OF Roger CARLSON: Roger CARLSON, Appellant,†

v.

William JONES, Respondent.

Court of Appeals

*No. 88–1214. Submitted on briefs November 8, 1988.—Decided November 17, 1988.*

(Also reported in 433 N.W.2d 635.)

† Petition to review denied.

On behalf of the appellant, the cause was submitted on the briefs of *Michael J. Gross,* of *Bode, Gross & Carroll, S.C.* of Waukesha.

On behalf of the respondent, the cause was submitted on the brief of *James W. Hammes,* of *Cramer, Multhauf & Curran* of Waukesha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Roger Carlson, Town Chairman for the Town of Oconomowoc, appeals from a circuit court certification directing a recall election for his position. Carlson alleges irregularities in the recall procedure and defects in the recall petition. Other than Carlson's claim that the petition failed to state cause for his recall, we conclude that the circuit court lacked subject matter jurisdiction to address Carlson's complaints. We also conclude that the circuit court correctly determined that the petition stated cause for recall. Therefore, the court properly issued its certification directing the recall election.

On April 15, 1988, William Jones filed with the town clerk a notice of intent to circulate a petition calling for the recall of Carlson as town chairman. Within sixty days, the recall petition was filed with the clerk who, on June 8, 1988, certified that it complied with sec. 9.10, Stats. The clerk then transmitted the petition to the clerk of the circuit court for Waukesha county pursuant to sec. 9.10(4)(a). The following day, the circuit court issued an order directing a hearing on the petition.

Carlson filed a written response denying the allegations in the recall petition. He further argued that: (1) the petition did not state cause for recall as required by sec. 9.10(4), Stats.; (2) the petition lacked a disclaimer indicating the person paying for the petition, as required by sec. 11.30, Stats.; (3) the notice of intent to circulate the recall petition did not comply with the requirements of sec. 9.10(2)(d); and (4) the

633

trial court was required to make a specific finding as to the number of valid signatures on the petition.

At the hearing, Jones argued that the circuit court was without authority pursuant to sec. 9.10(4)(b), Stats., to address any procedural irregularities or any petition defects unrelated to the question of cause. The court, however, chose to address all of Carlson's complaints and found them to be meritless. As to the sufficiency of the petition's allegations regarding "cause for recall," the court determined that the allegations were sufficient so as to give Carlson notice of the basis for the recall and that the reasons cited in the petition "constitute allegations of inefficiency [and] neglect of duty, as distinguished from misconduct or malfeasance." On June 17, 1988, the court ordered issuance of its certificate directing that the recall election be held. Carlson then brought a motion to negate the certification based on further evidence that the notice of intent requirement under sec. 9.10(2)(d) had not been followed. The court also denied this motion and affirmed the certification. Carlson appeals.

The issues on appeal are the same as those raised in the trial court. We first address Carlson's claims of procedural irregularity and defects in the petition unrelated to the question of cause. In the past, Wisconsin courts have addressed these kinds of challenges to recall procedure and petitions. *In re Haase,* 120 Wis. 2d 40, 44–45, 353 N.W.2d 821, 823 (Ct. App. 1984); *In re Montreal Mayor,* 63 Wis. 2d 375, 386–87, 217 N.W.2d 283, 290 (1974). However, following these decisions, the legislature amended sec. 9.10, Stats., to restrict the jurisdiction of the circuit court. 1983 Wis. Act 491. What is now sec. 9.10(4)(b) states in part, "[t]he circuit court ... shall determine by hearing

whether the petition states cause for the recall as defined in s. 17.16(2). *The court has jurisdiction only to determine whether the petition states cause for recall." Id.* (emphasis added).

Subject matter jurisdiction is conferred on a court solely by the constitution and statutes of the state. *See Thompson v. Thompson,* 129 Wis. 2d 348, 352, 384 N.W.2d 713, 715 (Ct. App. 1986). Thus, whether a court has subject matter jurisdiction presents a question of statutory and constitutional interpretation. This is a question of law to which we apply an independent standard of review. *See State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984).

Where the legislature enumerates grounds of judicial jurisdiction, it is considered to imply its intent to withhold jurisdiction in cases which are not enumerated. *City of West Allis v. WERC,* 72 Wis. 2d 268, 274, 240 N.W.2d 416, 419 (1976). Furthermore, absent ambiguity, judicial rules of construction are not permitted and we must give the words of the statute their obvious and intended meaning. *State Historical Soc'y v. Village of Maple Bluff,* 112 Wis. 2d 246, 252–53, 332 N.W.2d 792, 795 (1983).

Section 9.10(4)(b), Stats., states that the circuit court *only* has jurisdiction to review whether the petition states cause for recall. This language not only clearly states the jurisdiction conferred by the statute, but it also implies a legislative intent to withhold jurisdiction as to any other issues sought to be raised under sec. 9.10(4)(b). The procedural irregularities and "non-cause" defects in the petition alleged by Carlson

635

do not go to the issue of whether the petition states cause for recall. We conclude that the circuit court lacked subject matter jurisdiction to address these issues. They are not properly before us on appeal.[1]

We turn now to the issue of whether the circuit court properly determined that the petition stated cause for Carlson's recall. Carlson contends that the presumption that public officers have properly discharged their duties, *see Georgiades v. Glickman,* 272 Wis. 257, 271, 75 N.W.2d 573, 580–81 (1956), also applies to recall procedures. He argues that Jones must present facts to rebut this presumption in order to satisfy the "cause for recall" requirement of sec. 9.10(4)(b), Stats. We disagree. Although this presumption does exist, we are unaware of its application to recall procedure. Moreover, this presumption would conflict with the principle that statutory provisions relating to recall are to be liberally interpreted in favor of the electorate. *In re Delafield City Official,* 63 Wis. 2d 362, 374, 217 N.W.2d 277, 283, (1974).

Alternatively, even if the presumption were to apply to recall cases, it is rebutted by a sufficient statement of "cause for recall" in the petition, not by an evidentiary presentation of facts proving the allegations as Carlson suggests.

Carlson next applies summary judgment methodology and contends that because he denied the allegations in the petition, Jones must present evidence to

---

[1]This does not preclude a circuit court from addressing certain election irregularities or defects by writ of certiorari, writ of prohibition or writ of mandamus. *See e.g., Stahovic v. Rajchel,* 122 Wis. 2d 370, 372, 363 N.W.2d 243, 244 (Ct. App. 1984); *State ex rel. Swan v. Elections Bd.,* 133 Wis. 2d 87, 394 N.W.2d 732 (1986).

sustain the allegations. This is without basis in law. As noted earlier, an evidentiary presentation of facts, akin to a trial, is not essential to the circuit court's evaluation of a recall petition.[2] Recall is a purely statutory procedure which does not contemplate a denial of the allegations in the petition; nor does it apply conventional rules of civil trial procedure. It is for the people, not the courts, to decide the merits of the allegations stated in the petition. *Id.*

The hearing contemplated by sec. 9.10(4)(b), Stats., is not a trial to determine the truth of the allegations contained in the petition. *Id.; see also Montreal Mayor,* 63 Wis. 2d at 386, 217 N.W.2d at 289. Rather, the role of the circuit court is to winnow out those recall petitions which are wholly frivolous and inconsequential and therefore do not constitute cause for recall. *See Delafield City Official,* 63 Wis. 2d at 373, 217 N.W.2d at 282. The court is only permitted to pit the allegations of the petition against the cause requirements of the statute. This is the equivalent of determining whether a pleading states a claim. Such a question presents an issue of law which we review *de novo. Williams v. Security Savs. & Loan Ass'n,* 120 Wis. 2d 480, 482, 355 N.W.2d 370, 372 (Ct. App. 1984).

In order to certify a petition for a recall election, the court must determine whether the petition "states cause for the recall as defined in s. 17.16(2)." Sec.

[2]Section 9.10(4)(b), Stats., does permit the court, in its discretion, to "take testimony with respect to the recall petition." The issue, however, is not the truthfulness of the allegations. *Id.; see also In re Montreal Mayor,* 63 Wis. 2d 375, 386, 217 N.W.2d 283, 289 (1974). Rather, the issue is limited to whether cause for recall is established.

9.10(4)(b), Stats. Cause for recall "means inefficiency, neglect of duty, official misconduct or malfeasance in office." Sec. 17.16(2), Stats. A recall petition must set forth reasons directly related to the subject's official duties with "sufficient specificity to give notice to the official so that he can respond to the electors." *Delafield City Official,* 63 Wis. 2d at 373, 217 N.W.2d at 282.

Here, the petition sets out eight areas of alleged activity by Carlson. In summary form, these allegations contend that Carlson: (1) violated the spirit and intent of the open meeting law with reference to certain specific matters and behavior; (2) chaired public meetings in a fashion to favor those in support of his policies over those against; (3) caused adverse job morale and performance among town employees; (4) caused tax moneys levied for express purposes to be utilized for other unrelated purposes; (5) misled the public by adopting a budget with no funds allocated for the operation of a police commission, but shortly thereafter adopted a resolution creating such a commission; (6) voted, during a closed meeting, to loan money without interest to a town employee and thereafter executed a town draft transferring such funds; (7) engaged in actions which resulted in a loss of police protection and law enforcement assistance to the town; and (8) publicly ridiculed town employees, contributing to inefficient town government.

■■ The circuit court concluded that these allegations satisfied the specificity requirements of the law. As to the reasons for recall, the court specifically determined that the petition sufficiently alleged "inefficiency" and "neglect of duty" pursuant to sec. 17.16(2), Stats. We agree with the circuit court's assessment of

these allegations. A statute providing for recall should be liberally construed with a view to promote the purpose for which it was enacted. *Montreal Mayor,* 63 Wis. 2d at 388, 217 N.W.2d at 291. Viewed in this light, we do not conclude that the petition in this case is wholly frivolous or inconsequential. Instead, we conclude that the petition alleges reasons for recall related to Carlson's official duties with sufficient specificity such that Carlson can respond to the electors of the town of Oconomowoc.

*By the Court.*—Order affirmed.